## Wolff and others v. Archibald.

(*Circuit Court, D. Minnesota.* December Term, 1882.)

1. REMOVAL OF CAUSE—PETITION.

The allegations of the petition for removal are jurisdictional, and they must be positive and certain; and the allegation that the defendant is an alien, "as plaintiff is informed and verily believes," is insufficient.

2. SAME—CITIZENSHIP.

Children of citizens of the United States who are born in foreign countries are citizens of the United States.

3. SAME—JURISDICTION—REMANDING CAUSE.

In all cases where there is doubt as to the jurisdiction, in a cause removed, the safer practice is to remand the cause to the state court.

Motion to Remand.

*Brown & Cheu*, for plaintiff.

*A. E. Bowe* and *Geo. N. Baxter*, for defendant.

McCRARY, C. J., (*orally.*) We have considered the motion to remand. This cause was removed here by the plaintiff on the ground that the defendant is an alien. The allegation of the petition for removal is that the defendant is an alien, as plaintiff is informed and verily believes. This, we think, is insufficient; the allegations of the petition for removal are jurisdictional, and they must be positive and certain, because the court cannot well proceed to take jurisdiction of a case and try the same as long as there is any doubt upon the question of jurisdiction, and it has, we think, been held that a petition for removal in this form is not good. Besides, it appears by the affidavits filed here that, to say the least, it is a question of grave doubt whether the defendant is an alien or not. His father was a native-born citizen of the United States, born in the state of Vermont. He removed to Canada and spent some of his time in Canada, and the remainder in the United States, and it seems he was sometimes on one side of the line and sometimes on the other. This defendant was born in Canada, and came with his father to this country before he reached his majority. The law is that children of citizens of the United States, who are born in foreign countries, are citizens of the United States. We think it is probable that this defendant is a citizen of the United States. That is so unless the father became a citizen of Great Britain. Of that there is no proof, and it is, to say the least, doubtful. In all cases where there

is doubt in a case of removal as to the jurisdiction of this court, it is safer to remand, because there is no doubt about the jurisdiction of the state court.

The motion to remand is sustained.