## HAMBLETON *v.* DUHAM and others.

*(Circuit Court, D. California. December 8, 1884.)*

1. REMOVAL OF CAUSE—CASE ARISING UNDER LAWS OF UNITED STATES—PETI-TION.

   The petition must set out the facts, and question arising thereon, so that the court can determine the question of jurisdiction, when it is sought to remove a. case to a federal court on the ground that it arises under a law of the United States.

2. SAME—CONSTRUCTION OF LAW—ACT 1875, § 2.

   Unless a case arises out of a controversy as to the effect or operation of a provision in a law of the United States, as shown by the facts alleged, it cannot be removed under the second section of the act of 1875.

3. SAME—FACTS STATED ON INFORMATION AND BELIEF.

   *Semble,* that a statement of jurisdictional facts on information and belief will. not be sufficient.

Motion to Remand.

*R. Clark,* for motion.

*J. H. Craddock, J. Lambert,* and *W. C. Belcher, contra.*

SAWYER, J. The jurisdictional facts attempted to be alleged are stated in the form held to be insufficient in *Wolff* v. *Archibald,* 14 FED. REP. 369: "as defendants are informed and believe." The court there held that jurisdictional facts must be positively alleged. On this point the sufficiency of the petition is, at least, doubtful. But, whether that ruling be correct or not, the allegations are insufficient, because they do not state facts showing that any particular disputed question of construction of the statute will arise, or how it will arise, so that the court can determine for itself, from the facts, that the decision will turn upon a disputed construction of the statute. On this point only the conclusion of the petitioner is stated. For all that appears, from the facts stated, the case may be determined entirely upon a disputed question of fact; as, whether the land is, in fact, swamp land or upland or some other question of fact. The petition is insufficient in this particular, under the decision in *Trafton* v. *Nougues,* 4 Sawy. 179; *Dowell* v. *Griswold,* 5 Sawy. 39; *Gold. Washing Co.* v. *Keyes,* 96 U. S. 199.

Cause remanded to the state court, with costs.