## COLLINS et al. v. O'CONNELL et ux.

### No. 10187.

Circuit Court of Appeals, Ninth Circuit.

June 1, 1943.

Rehearing Denied June 30, 1943.

142

Platt, Henderson, Warner, Cram & Dickinson, of Portland, Or. (W. H. Chester and E. E. Selden, both of Phoenix, Ariz., of counsel), for appellants.

Gust, Rosenfeld, Divelbess, Robinette & Coolidge, of Phoenix, Ariz., for appellees.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Appellants filed an appeal from a judgment declaring appellees the owners of described premises, a town or city lot, and quieting their title as against appellants.

To begin with, Mrs. J. Gerard owned the lot in dispute, which is situated in Arizona. She conveyed it to the Greene and Griffin Real Estate and Investment Company, which in turn conveyed it to Hattie L. Mosher in 1914. Mrs. Mosher mortgaged it to Elsie B. Ganz on March 1, 1929, to secure the payment of a $6,000 note. Thereafter, Elsie Ganz instituted foreclosure proceedings, which terminated by her purchasing the lot and receiving a sheriff's deed therefor in October, 1932. Prior thereto, on September 17, 1931, Mrs. Mosher leased the property for five years to O'Connell Brothers, Inc. On May 1, 1934, Elsie Ganz conveyed the premises to appellees, Joe and Jessie B. O'Connell.

The real estate company had in the first instance given Mrs. Gerard a mortgage in the sum of $9,000 on two lots, including the one in dispute. This mortgage was assumed by Hattie L. Mosher when she acquired the premises from the real estate company. Mrs. Mosher and Mrs. Gerard made an agreement, which was acknowledged October 7, 1919, extending the time for payment of the mortgage until 1928. On the same day Mrs. Gerard assigned the mortgage to Julia Mosher Collins, Mrs. Mosher's daughter.

Mrs. Collins assigned the mortgage to her husband, James Dean Collins, on March 1, 1920, by an instrument signed by Mrs. Mosher as attorney-in-fact. The assignment was recorded on April 18, 1921. Mrs. Mosher held a general power of attorney from Mrs. Collins, dated July 20, 1915, but not recorded until April 2, 1921. The recordation of both instruments occurred almost a year after the death of Mrs. Collins on May 4, 1920.

Mr. Collins, on April 11, 1921, executed a partial satisfaction of the $9,000 mortgage, releasing the lot involved herein. The document was recorded on April 18, 1921. Subsequently, on March 31, 1926, Mr. Collins and Mrs. Mosher entered into an agreement extending the time for the payment of the mortgage, and on the same day Mr. Collins assigned the mortgage to one Davenport, who satisfied the mortgage of record on April 26, 1929. It was after the release of the one lot from the mortgage that Mrs. Mosher mortgaged it to Elsie Ganz.

In 1935 Julia C. Collins, Mrs. Collins' daughter and an Oregon resident, filed suit in the United States District Court for Arizona by her guardian ad litem to foreclose the $9,000 Gerard mortgage. With the exception of Hattie L. Mosher the defendants, including the O'Connells, were dismissed from the action at the plaintiff's request. A decree foreclosing the mortgage was entered, and Miss Collins received a special master's deed conveying to her the interest of Mrs. Mosher in the property.

The instant cause was originally brought in the Arizona state court, but was removed to the federal court on the ground of diversity of citizenship. The District Court found that the special master's deed to Miss Collins was without right and cast a cloud on appellees' title. It concluded that the assignment of the mortgage to Mr. Collins by Mrs. Mosher, as attorney-in-fact for Mrs. Collins, was valid; that before her death Mrs. Collins was estopped from questioning the assignment as against the appellees, who bought the property for value, in good faith, and without knowledge of any adverse claim; and that the estoppel extends to Miss Collins, who claims by inheritance from her mother. Thereupon, the court gave judgment quieting the appellees' title to the premises. It is from this judgment that an appeal has been taken.

Appellants argue that the assignment of the $9,000 mortgage to Mr. Collins was void. They reason that as a result Mr. Collins could not validly release any property from the mortgage, and that conse-

quently Mrs. Ganz held merely a second mortgage. The argument is based on the rule of law that a principal is not bound by the acts of his agent where the agent has an interest in the subject matter of the agency, absent full knowledge or consent on the part of the principal (See 3 C.J.S. 11, Agency, § 139), and that neither is he liable to third persons on a contract made by his agent, though within the scope of the agency, if the third persons had notice of the agent's interest. See 3 C.J.S., Agency, § 253. Apply to these rules the fact that Hattie L. Mosher not only signed the assignment as attorney-in-fact but was the record owner of the mortgaged premises, and it is obvious, so appellees contend, that the agent in assigning a mortgage on her own land had an interest of record in the mortgage transferred.

■■ We believe that the assignment of the mortgage from Mrs. Collins to her husband was valid and binding because Mrs. Mosher, the attorney-in-fact, had no interest in the mortgage as such. It is true that she was the record owner of the premises covered by the mortgage. However, the transfer of an encumbrance on her property from one person to another, not herself, could in no way affect her interest therein, for her duty to pay the obligation secured by the encumbrance remained unaltered. If Mrs. Mosher had no interest in the transfer, then her act assigning it to Mr. Collins would bind her principal, within the general rule that a principal is bound by the acts of an agent within the scope of his authority, (See 3 C.J.S. 138, Agency, § 231), no question being raised herein that Mrs. Mosher did not act within the scope of her authority.

■ Even though we assume as a fact that Mrs. Mosher had an individual interest in the transaction, the third persons would prevail because they purchased for value, in good faith, and without notice of any defects in the assignment procedure. The District Court's finding of good faith is based upon ample and convincing evidence. Apparently, appellees had no actual knowledge of any claim against the property. Neither did they have constructive knowledge, as the records showed on their face only that the $9,000 mortgage was assigned for value from wife to husband by Mrs. Mosher under the authority of a broad power of attorney. That Mrs. Mosher was also the record owner of the mortgaged premises was not enough to constitute notice to the appellees that she had a personal interest in the transaction in which she acted as agent and therefore that a valid claim under the $9,000 mortgage existed. The situation falls within the rule above stated that since the third persons had no notice of the agent's interest, the principal is bound by his agent's acts.

The law of Arizona is in accord with principles above set forth. The state supreme court has declared that, in the absence of conflicting Arizona decisions, the Restatement of the Law is the law of Arizona. Waddell v. White, 56 Ariz. 525, 527, 109 P.2d 843, 844; Smith v. Normart, 51 Ariz. 134, 143, 75 P.2d 38, 42; Lightning Delivery Co. v. Matteson, 45 Ariz. 92, 99, 39 P.2d 938, 941. Therefore, we quote from the Restatement of the Law of Agency, page 403, § 165, since we find no local decisions to the contrary: "A disclosed or partially disclosed principal is subject to liability upon a contract purported to be made on his account by an agent authorized to make it for the principal's benefit, although the agent acts for his own or other improper purpose, unless the other party has notice that the agent is not acting for the principal's benefit." Under Arizona law, then, Mrs. Collins was bound by the assignment of the mortgage by her attorney-in-fact. Therefore, the chain by which Miss Collins claims an interest in the property was broken when her father, as assignee of the mortgage, executed a partial satisfaction of the mortgage releasing the lot in question here.

■ The familiar rule of equitable estoppel is also applicable, that where one of two innocent persons must suffer, he who made possible the loss must bear the burden as against him who acted in good faith, without notice of the facts, and who changed his position to his detriment. 31 C.J.S. 325, Estoppel § 103; Hallenbeck v. Regional Agricultural Credit Corp., 47 Ariz. 477, 56 P.2d 1041; Green v. Gila Water Co., 36 Ariz. 303, 285 P. 263; Brandon v. Carr, 28 Ariz. 454, 237 P. 642. In the instant case Mrs. Collins' original act, in giving to her mother a power of attorney broad enough to permit the latter to deal with the mortgage, is responsible for creating a situation which could lead to the disloyalty of her agent. Therefore, if such disloyalty occurred and resulted in

injury to other persons acting in good faith, the burden of the loss should fall on Mrs. Collins, and on her daughter who claims through her mother by inheritance.

The briefs raise a question as to the proper parties in both the Ganz and the Collins foreclosure proceedings. Since Miss Collins had no claim to the property after it was released from the mortgage by her father, any discussion of the point is immaterial.

Affirmed.