**LAWRENCE JOHNSON & CO., Inc.,**
**Plaintiff,**

v.

**BEADENKOPF LEATHER COMPANY,**
**Defendant.**

**Civ. A. No. 1271.**

United States District Court
D. Delaware.

June 13, 1955.

Vincent A. Theisen (of Logan, Marvel, Boggs & Theisen), Wilmington, Del., for plaintiff.

William E. Taylor, Jr. and Donald C. Taylor, Wilmington, Del., for defendant.

RODNEY, District Judge.

This matter has been before the Court on several occasions. The amended complaint alleged that the plaintiff, owning in its own right certain goat skins, agreed with the defendant that the latter should process the goat skins into finished leather, sell them as its own and divide the profits equally between the parties. The facts were admitted and it was also admitted that a balance amounting to $3,790.24 represented the share of the profits to which the plaintiff would be entitled, if entitled at all. The defendant denied any liability to the plaintiff for this balance by reason of the matter set up in the three several counterclaims in the nature of a setoff.

On July 13, 1950 an order was entered for judgment for the plaintiff in the sum

of $3,790.24 with interest, with the provision that execution of the judgment should be stayed until final disposition of the issues growing out of the counterclaims. At the same time summary judgment was entered on the pleadings and other pertinent data as to the first and second counterclaims of the defendant, and summary judgment was refused as to the third counterclaim. The three counterclaims had set up the non-liability of the defendant by reason of a contract entered into by the plaintiff, as agent for a named principal, and which contract led to claimed losses by Beadenkopf.

The third counterclaim in general set up that Abdul Razzaq, Abdul Rashid and Bros., the principal for whom the plaintiff purported to act, was not in existence at the date of the alleged contract; that the plaintiff, by its action in connection with the alleged contract impliedly warranted the existence of such principal and by reason of the non-existence of the principal, became liable for the loss sustained by the defendant in reliance upon said warranty. Eventually and after affidavits and depositions, both parties moved for summary judgment as to this third counterclaim.

The plaintiff relied upon two grounds, (1) that the defendant, Beadenkopf, was estopped from denying the existence of the principal for whom the plaintiff acted as agent, and (2) that the existence of such principal had been established. The first objection of the plaintiff was based upon the fact that Beadenkopf had provided an irrevocable letter of credit in favor of the principal, Abdul Razzaq, Abdul Rashid and Bros.; that pursuant to that letter of credit, drafts with accompanying documents were drawn by the firm of Abdul Razzaq on the defendant and duly accepted by Beadenkopf or its agent. The plaintiff

contended that such acceptance estopped Beadenkopf from denying the existence of Abdul Razzaq, Abdul Rashid and Bros. by reason of the terms of the Negotiable Instruments Act set out in the footnote.[1] It was held that the cited statute had no application. It was held that under the cited section of the Negotiable Instruments Act like Sec. 54 of the English Bills of Exchange Act (from which our Act is largely adopted), the admissions made by the acceptance of a draft or bill are directed to and concern only parties connected with the draft or bill (and had no application to third persons [such as the present plaintiff] completely foreign to the transaction.) It was pointed out that while the English Act specifically made the admissions mentioned in the statute applicable to a "holder in due course", yet it was not apparent that the omission of the quoted words from the American Act was intended to make the section applicable to a person who had no direct connection with the draft or bill.

It was further held that the existence or non-existence of the purported principal at the time of the contract was a controverted issue of fact which prevented the granting of the motion for summary judgment.

A trial having been had as to the question of fact, the following Findings of Fact and Conclusions of Law result therefrom:

## Findings of Fact

1. The plaintiff, Lawrence Johnson & Co., Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and its principal business is acting as a shipper's agent.

2. Defendant, Beadenkopf Leather Company, is a corporation authorized and

---

1. 6 Del.Code 1953, § 162 (formerly Section 62 of Chapter 191 of Vol. 26 Delaware Laws, § 3186 Revised Code of Del. 1935) provides, insofar as material:
"The acceptor by accepting the instrument engages that he will pay it according to the tenor of his acceptance; and admits—
"(1) The existence of the drawer, the genuineness of his signature, and his capacity and authority to draw the instrument; * * *."

existing under the laws of the State of Delaware, and its principal business is the tanning of skins.

3. The amount in controversy is $3,790.24, exclusive of interest and costs.

4. The plaintiff, Lawrence Johnson & Co., Inc., had for a number of years represented or transacted business with a firm at Amritsar, India, which included Abdul Wahid and his two sons, Abdul Razzaq and Abdul Rashid.

5. After partition in India about 1947, business at Amritsar was discontinued and reopened at Lehore and Karachi in Pakistan. On or about December 10, 1947, the plaintiff was informed that the name of the partnership at Karachi would be "Abdul Razzaq, Abdul Rashid and Bros.", and a business relationship commenced and this was evidenced by numerous communications.

6. On May 7, 1948, the plaintiff, Lawrence Johnson & Co., Inc., entered into a contract as agent for a disclosed principal with the defendant, Beadenkopf, for the sale of 20,000 goat skins to be used in the manufacture of leather. The principal disclosed in the contract was "Abdul Razzaq, Abdul Rashid and Bros." of Karachi, Pakistan.

7. On May 11, 1948, the defendant, Beadenkopf, obtained from Brown Brothers Harriman & Co. an irrevocable letter of credit for the consideration of the contract in favor of "Abdul Razzaq, Abdul Rashid and Bros." at Karachi, Pakistan.

8. The letter of credit, sight draft, invoice and consular certificate all show the shipper of the goods to be Abdul Razzaq, Abdul Rashid and Bros., and the invoice and letter of credit bear the stamp of the firm name and the written signature of Abdul Razzaq, identified as a partner and nothing appears to indicate that Abdul Razzaq, Abdul Rashid and Bros. did not receive the proceeds of the letter of credit.

9. When the goods arrived at Wilmington, Delaware, the shipment was found to be defective or not in accordance with the terms of the contract. The amount of the loss by reason of the defective shipment was ascertained to be $3,790.24 and this amount the defendant, Beadenkopf, sets up in the third counterclaim as a setoff and counterclaim against the claim of the plaintiff.

10. The defendant alleges that at the making of the contract, May 7, 1948, the disclosed principal, Abdul Rassaq, Abdul Rashid and Bros. was not in existence, but this contention has not been established as a fact.

## Conclusions of Law

1. Under ordinary circumstances and unless something is shown to the contrary, an agent who designates himself as such in a written contract and discloses the name of the principal for whom he is acting is not personally liable on the contract. Such is the uniform current of the law.[2]

2. Under ordinary circumstances and unless the contracting party has information of his own upon which he is acting, an agent for a disclosed principal will be personally liable on a contract if the disclosed principal for whom the agent purports to act is, in fact, a sham or non-existent principal.[3]

3. When the non-existence of a disclosed principal to a contract is set up in a counterclaim or other affirmative pleading, some cases have held that the burden of proving the non-existence of such person lies upon the party alleging it and that this burden should be by a preponderance of the evidence.[4] It is

2. Restatement of the Law of Agency, Vol. 2, Sec. 328; Whitney v. Wyman, 101 U.S. 392, 25 L.Ed. 1050; 2 Am.Jur. "Agency" Sec. 315.

3. 2 Am.Jur. "Agency", Secs. 316, 322; Meeks v. Adams Louisiana Co., D.C., 49 F.Supp. 489, modified in part on other grounds, Meeks v. Taylor, 5 Cir., 138 F.2d 458. See cases collected in 126 A.L.R. 114.

4. Plumb v. Milk, 19 Barb., N.Y., 74; Fulton v. Sewall, 116 App.Div. 744, 102

unnecessary to determine the burden of proof since it is found as a mixed question of fact and law that the evidence, as a whole, clearly disclosed the existence of Abdul Razzaq, Abdul Rashid and Bros. at the time of the contract of May 7, 1948.

4. Judgment must be entered for the plaintiff, Lawrence Johnson & Co., Inc., and against the defendant, Beadenkopf Leather Company, on the third counterclaim.

5. An appropriate order may be submitted.

6. A separate order may be submitted removing the restriction as to execution on the judgment entered on the complaint on July 13, 1950.

N.Y.S. 109; see also generally as to burden of proof by party alleging a fact, Delaware Coach Co. v. Savage, D.C., 81 F.Supp. 293.