**Roberta SEIGLER et al., Plaintiffs,**

v.

**AMERICAN SURETY COMPANY OF NEW YORK, a corporation, et al., Defendants.**

**Civ. No. 7497.**

United States District Court
N. D. California, N. D.

April 25, 1957.

Burton, Lee & Hennessy, Yreka, Cal., for plaintiffs.

Ware & Kutz, Chico, Cal., and Johnson, Davies & Greve, Sacramento, Cal., for defendants.

HALBERT, District Judge.

Basing its claim on diversity of citizenship between the parties to the action,

defendant American Surety Company of New York (hereinafter referred to as American Surety) has removed this action to this Court from the Superior Court of the State of California, in and for the County of Siskiyou, where it was originally instituted by the plaintiffs. The action arises out of a contract of insurance. There is no dispute about the jurisdictional amount. The issue of diversity of citizenship of the parties cannot, however, be so readily resolved. It is patent from the record that plaintiffs are citizens of California; that the defendant, American Surety, is a New York corporation; and that all other defendants are citizens of the State of California. In support of its claim that diversity of citizenship exists between the parties to this action, American Surety contends that while its co-defendants are admittedly citizens and residents of California (like plaintiffs) these co-defendants are merely nominal or informal parties, and as such, their joinder cannot defeat federal jurisdiction.

Plaintiffs have filed a timely motion to remand the action to the state court based on several grounds, one of which is that American Surety has lost its right to remove the action by failing to file its petition within the time prescribed by § 1446(b) of Title 28 U.S.C.A. The Court does not feel it necessary to reach any of the other issues raised by the parties, as it is apparent that the motion to remand must be granted on this latter ground.

It appears from the record that plaintiffs recovered in an action pending in the Superior Court of the State of California, in and for the County of Siskiyou, a judgment (by default) against defendant, Joan Scott, for damages arising out of her negligent operation of a motor vehicle on March 8, 1956. On July 2, 1956, plaintiffs filed their original complaint in this action against American Surety, and T. M. Barnum, the alleged resident agent of American Surety, seeking recovery on the judgment against Joan Scott. The single cause of action sought to be stated in this original complaint was predicated on the theory that American Surety, acting through its agent, Barnum, agreed to insure the parents of Joan Scott, namely, Harold E. and Betty Scott (all three are defendants here), for public liability arising out of the use and operation of a motor vehicle owned by said Harold E. and Betty Scott, and that the insurance contract provided coverage for liability arising out of the use and operation of the automobile by said Joan Scott, insureds' minor daughter, as well. It does not appear from the record before this Court when the Summons was served in the original action, but it was issued on July 2, 1956. It does, however, appear from the record that on August 2, 1956, plaintiffs and defendants, acting through their attorneys (the same attorneys who now appear before this Court on behalf of these same parties), entered into a stipulation vacating a judgment entered by default against Barnum on July 19, 1956. On August 7, 1956, American Surety and Barnum filed a demurrer to the original complaint alleging, *inter alia*, that the complaint failed to state a cause of action against the agent, Barnum. On August 10, 1956, an order was entered by the Superior Court in Siskiyou County vacating the default judgment against Barnum, pursuant to the stipulation of the parties.

The record before this Court does not disclose what occurred in the interim, but it does appear that on September 5, 1956, plaintiffs served an amended complaint on defendants (the date it was filed does not appear) alleging for the first time, in addition to the cause of action *ex contractu* against American Surety, which plaintiffs had previously alleged in their original complaint, two separate causes of action against Barnum, the agent of American Surety. These new causes of action were for fraud, it being claimed in each instance that Barnum was acting in excess of the authority given him by American Surety. On September 15, 1956, American Surety and Barnum served on plaintiffs their demurrer to plaintiffs' first amended complaint (again, the

date it was filed does not appear) alleging once again, that the complaint failed to state a cause of action against Barnum. Defendants at this time argued affirmatively, among other things, that Barnum was joined only for the purpose of defeating American Surety's right to remove the action to the Federal Court.

On September 27, 1956, the Superior Court in Siskiyou County handed down a "Ruling on Demurrer" in which it was held that the cause of action alleged against American Surety was sufficient, but that the two causes of action for fraud against Barnum were wanting in the elements necessary to state a claim. The Court concluded that the two causes of action for fraud were improperly joined with the contract cause of action alleged against American Surety for the reasons that they were inconsistent, and were depriving American Surety of its right to remove the action to the Federal Court, and on this basis the Superior Court ordered plaintiffs to make an election between the fraud claim and the contract claim.

On January 11, 1957, plaintiffs filed their second amended complaint, where (as the result of the Superior Court's order) for the first time they elected to proceed against American Surety on the contract claim alone. Plaintiffs did, however, at this time join as co-defendants of American Surety, the defendants, Harold E. and Betty Scott. This second amended complaint was served on American Surety on January 2, 1957, and on January 22, 1957, American Surety filed its petition for removal. Defendant's petition to remand has been made as the result of the removal thus obtained.

This rather lengthy review of the history of this litigation has been set forth in order to make it clear at what point or points of time the right of removal existed. American Surety contends that its right to remove did not arise or exist until it was served with the second amended complaint (January 2, 1957), whereas plaintiffs contend that the right to remove existed from the date of service of the original complaint.

This Court is of the view that the failure of a party to exercise the right to remove within 20 days after it initially becomes available to such party, puts the party in a position where he may not thereafter avail himself of his removal right in the action when timely objection is made by the opposing party (28 U.S.C.A. § 1446(b). Applying this rule to this case, it is apparent that the issue to be resolved is whether it can be determined that the right to remove was ascertainable and available at any time prior to January 2, 1957 (that is, *more than* 20 days prior to the date on which the petition for removal was filed). If the right of removal was ascertainable and available prior to that date, then American Surety cannot be permitted to have the fruits of its tardy petition, in the face of timely objection to this delay by the plaintiffs.

It is fundamental that where several parties are joined in an action, the residence of parties not indispensable to the action may be disregarded by the Court, and those parties dismissed, if it is necessary in order for the Court to retain jurisdiction based on the diversity of citizenship between the indispensable parties to the action (Wells v. Universal Pictures Co., 2 Cir., 166 F.2d 690; Dunham v. Robertson, 10 Cir., 198 F.2d 316; Green v. Green, 7 Cir., 218 F.2d 130; and see also: State of Washington v. United States, 9 Cir., 87 F.2d 421, and United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171). It is also well settled that an agent, acting within the scope of his authority, for a disclosed principal, in making a contract for the principal with third persons, has no interest in the contract (California Civil Code, § 2330; Heringer v. Schumacher, 88 Cal.App. 349, 263 P. 550; Zumwalt v. Schwarz, 112 Cal.App. 734, 297 P. 608; Restatement of Agency, §§ 144, 146, 147, 149, 150, 155, 320 and 328; Lawrence Johnson & Co. v. Beadenkopf Leather Co., D.C., 132 F.Supp. 391; and cf.; Collins v. O'Connell, 9 Cir., 136 F.2d 141; Castor v. Coppock, 8 Cir., 211 F.2d 136; and John Minder & Son v. L. D.

Schreiber Co., D.C., 73 F.Supp. 477). Thus, in an action on a contract, the agent, having no interest in the subject matter of the action, and, hence, unaffected by the outcome of the case, cannot be considered an indispensable party (See the test set forth in State of Washington v. United States, supra, 87 F.2d at pages 427–428).

Applying these rules to the facts in the case at bar, it appears that on the basis of the allegations of plaintiffs' original complaint (filed July 2, 1956), American Surety had sufficient grounds for removal (See Curacao Trading Co. v. Federal Ins. Co., D.C., 40 F. Supp. 846). This complaint stated no cause of action against the agent, Barnum, but rather, merely alleged that he was the agent of American Surety acting within the course and scope of his authority. An examination of the demurrer to the original complaint discloses that American Surety was aware of the fact that the joinder of Barnum was, at best, factitious. It was at this time that American Surety could have, and should have, asserted its right to removal, and by failing to file its petition within the time thereafter required by law (See 28 U.S.C.A. § 1446(b), the right was lost.[1]

On the basis of the record in this case, it is apparent that the cause of action against American Surety was susceptible to removal long prior to 20 days before the date on which the petition for removal was actually filed. Accordingly, plaintiffs' petition to remand will be granted.

It is hereby ordered that this case be, and it is hereby remanded to the Superior Court of the State of California, in and for the County of Siskiyou, for all further proceedings. The Clerk is authorized and directed to take any and all steps necessary to complete the transfer of this case in accordance with this order.

[1.] Even if the Court were to disregard the removability of the cause of action alleged in the original complaint, plaintiffs' first amended complaint (filed September 5, 1956) would fall in the same category as the original complaint so far as this proceeding is concerned. This amended complaint alleged the same cause of action against American Surety, but added a separate, distinct and independent cause of action, based on fraud, against Barnum, acting not as the agent of American Surety, but as an individual outside the scope of his authority as an agent. The joinder of the cause of action against Barnum did not render the separate independent cause of action against American Surety any less removable than it had been before. Under § 1441(c) of Title 28 U.S.C.A., where a removable cause of action is joined with a non-removable cause of action, the entire case may be removed to the Federal Court, if each of the causes of action is grounded on a separate and independent basis of liability under the substantive law (Cf. American Fire & Casualty Co. v. Finn., 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, and Harrisville Company v. Home Insurance Co., D.C., 129 F.Supp. 300). American Surety could have asserted its right to removal during this period even if it had not had (but of course it did) the right of removal during the initial period noted in the main opinion.