Valerie **BRADFORD**, a minor, by and through her guardian ad litem, Eileen Bradford, and Eileen Bradford, Plaintiffs,

v.

**MITCHELL BROTHERS TRUCK LINES,** a corporation, William E. Kelly, Freightliner Corporation, a corporation, Rockwell-Standard Corporation, a corporation, Defendants.

Civ. 8544.

United States District Court
N. D. California, N. D.
May 15, 1963.

Walkup & Downing and James R. Hooper, San Francisco, Cal., for plaintiffs.

Dunne, Bledsoe, Smith, Phelps, Cathcart & Johnson, San Francisco, Cal., for Mitchell Bros. Truck Lines, a corporation, and William E. Kelly.

Pelton, Gunther & Gudmundson, San Francisco, Cal., for Freightliner Corp.

Boyd, Flageollet & Benson, San Francisco, Cal., for Rockwell-Standard Corp.

HALBERT, District Judge.

■ This action to recover damages for personal injuries and wrongful death was originally filed in the Superior Court of the State of California, in and for the County of Del Norte. Defendant William E. Kelly filed a petition for removal of the cause to this Court, alleging that the action is one of which this Court would have original jurisdiction under Title 28 U.S.C. § 1332 (diversity of citizenship), and is removable under Title 28 U.S.C. § 1441. In support of said allegation, the petition for removal recited that defendant Kelly is a citizen of Oregon, that defendant Kelly is informed and believes and on such information and belief alleges that none of the other named defendants is a citizen of California, that upon similar information and belief defendant Kelly "alleges that none of the plaintiffs is a citizen of Oregon," that the amount in controversy exceeds $10,000, and is between citizens of different states. Further proceedings were taken in this case and in this Court. Subsequently the Court became apprised of an ostensible defect in its jurisdiction over this cause, and on its own motion raised the question. As a result of the Court's action, defendant Rockwell-Standard has moved that this case be remanded to the Superior Court in Del Norte County. Defendant Kelly has moved to be allowed to amend, *nunc pro tunc*, his original petition for removal, and also opposes the motion to remand. Plaintiffs join with defendant Kelly in seeking the amendment to the removal petition.

It is clear that the original removal petition was a nullity, when viewed in the light of the requirements set forth in Title 28 U.S.C. § 1446(a). That section requires, *inter alia*, that a petition for removal shall contain a "short and plain statement of the facts" which entitle the petitioning party to remove the action. Included within the requirement of a "short and plain statement of the facts" is the requirement that jurisdictional allegations be set forth. Facts, as

opposed to legal conclusions, are not presented in the original petition. The citizenship of the plaintiffs is alleged not at all, and the allegation as to citizenship of certain of the defendants is made upon information and belief. A petition alleging diversity of citizenship upon information and belief is insufficient (Wolff v. Archibald, 8 Cir., 14 F. 369; and Hambleton v. Duham, 9 Cir., 22 F. 465).

Defendant Kelly now seeks to amend his petition for removal, *nunc pro tunc*, to attempt to properly set forth the jurisdiction of this Court. In connection with said motion, it should first be noted that § 1446(b) of Title 28 U.S.C. provides that a petition for removal shall be filed within twenty days after receipt of a copy of the pleading first setting forth grounds for removal. Although some courts have held that this twenty-day period is jurisdictional, and that therefore a federal court is without power to entertain a petition for removal filed after such period has elapsed (Gobet v. Ponce Intercontinental Hotels Corp., D.C., 184 F.Supp. 171; Washington-East Washington Joint Authority v. Roberts & Schaefer Co., D.C., 180 F.Supp. 15; Putterman v. Daveler, D.C., 169 F.Supp. 125; and Sunbeam Corp. v. Brazin, D.C., 138 F.Supp. 723), the weight of authority appears to support the proposition that the twenty-day period is not jurisdictional, and that it may be waived by failure to timely object thereto (See, e. g., McLeod v. Cities Service Gas Co., 10 Cir., 233 F.2d 242; Seigler v. American Surety Co., D.C., 151 F.Supp. 556; Green v. Zuck, D.C., 133 F.Supp. 436; and Fisher v. Exico Co., D.C., 13 F.R.D. 195). Assuming, therefore, that in an appropriate case a motion of the type made by defendant Kelly is proper, it remains to be seen whether this case is an appropriate one for the granting of such a motion.

The term "timely objection" has not been authoritatively construed, but the language of § 1447(c) of Title 28 U.S.C. is helpful in this connection. That section provides, in pertinent part, that

"[i]f *at any time before final judgment* it appears that the case was removed improvidently and without jurisdiction, the district court *shall* remand the case * * *." (emphasis added). Since the present problem is one of jurisdiction as of the time of the removal, as set forth in the petition for removal, it would appear that remand by the Court at any time is proper (See: In re MacNeil Bros. Co., 1 Cir., 259 F.2d 386; and Mayner v. Utah Const. Co., D.C., 108 F.Supp. 532), without reference to whether a motion to remand is timely filed by a party to the action.

▮ Reaching, then, the substantive issue of whether an amendment to the petition for removal is proper in the instant situation, it appears to this Court that the granting of such a motion would be improper. The great weight of authority, dealing mostly with defects in allegations of corporate jurisdiction under the provisions of Title 28 U.S.C. § 1332(c) as amended in 1958, sets forth the proposition that a failure to allege the principal place of business of a corporation, in addition to its place of incorporation, completely fails to set forth the required allegations of jurisdiction, and an amendment thereto to set forth such allegations is an amendment of fact rather than a mere correction of a defective form (Young v. Railway Express Agency, Inc., D.C., 209 F.Supp. 953; Evans-Hailey Co. v. Crane Co., D. C., 207 F.Supp. 193; F. & L. Drug Corp. v. American Central Ins. Co., D.C., 200 F.Supp. 718; Adams v. Ralph L. Smith Lumber Co., D.C., 181 F.Supp. 729; Roseberry v. Fredell, D.C., 174 F.Supp. 937; Brown v. Hartford Fire Ins. Co., D.C., 168 F.Supp. 796; White v. Sullivan, D.C., 107 F.Supp. 959; and Cline v. Belt, D.C., 43 F.Supp. 538; but see Fireman's Ins. Co. of Newark v. Robbins Coal Co., 5 Cir., 288 F.2d 349; Park v. Hopkins, D.C., 179 F.Supp. 671; McGuigan v. Roberts, D.C., 170 F.Supp. 372; and Hernandez v. Watson Bros. Trans. Co., D.C., 165 F.Supp. 720). This defect in the allegation of corporate jurisdiction,

528

in the opinion of this Court, is sufficient basis to remand the instant case to the Superior Court of Del Norte County.

Over and above the defect in corporate jurisdiction, however, it is also apparent that no allegation whatsoever exists in the original petition for removal as to the citizenship of the plaintiffs. The only allegation on this point in the original petition is stated in negative terms, that the plaintiffs, on information and belief, are not citizens of Oregon. On this point, even should this Court adopt the minority viewpoint as the sufficiency of the corporate jurisdictional allegations (which it does not), the minority admits that no amendment to a petition for removal may be made which would set forth totally new facts, as opposed to merely clarifying ambiguities in the original petition (See, e. g., Hernandez v. Watson Bros. Trans. Co., supra). This is a second and separate reason why this case must be remanded.

Defendant Kelly places great reliance upon Title 28 U.S.C. § 1653. That section provides that "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." It is to be noted, however, that the instant case involves not merely a defective allegation of jurisdiction, but, in effect, no allegation at all. Section 1653 has been interpreted as allowing amendments to cure defects of form but not of substance (Kinney v. Columbia Savings & Loan-Ass'n, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103; F. & L. Drug Corp. v. American Central Ins. Co., supra; and cases cited therein). This means that an amendment will be allowed when there are enough facts alleged in the petition and accompanying pleadings to enable the court to determine without more that the basis for removal is present. Such is not the situation in the instant case. Section 1653 is, therefore, inapplicable.

In disposing of this matter, this Court takes notice of the general judicial rule that removal statutes are to be strictly construed against removal

(Shamrock Oil & Gas Corp. v. Sneets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214). There being a complete lack of factual allegations in the original petition for removal which would confer jurisdiction upon this Court, and said petition being substantively so defective as not to permit of amendment to clarify whatever ambiguities are contained therein, this Court has no choice but to adhere to the general rule and to deny defendant Kelly's motion to amend said petition, *nunc pro tunc*. This action is accordingly remanded to the Superior Court of the State of California, in and for the County of Del Norte, for all further proceedings.

It is so ordered.