**CARROLL CONSTRUCTION COMPANY, Inc., a Florida corporation, Plaintiff,**

v.

**Gordon RENEAU, Individually, and as agent of Local Union No. 366 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, AFL–CIO, and Local Union No. 366 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, AFL–CIO, Defendants.**

**Civ. A. No. 1909.**

United States District Court
N. D. Florida,
Pensacola Division.

Jan. 30, 1968.

William H. Clark, of Harrell, Caro, Middlebrooks & Wiltshire, Pensacola, Fla., for plaintiff.

James R. McAtee, Hahn, Reeves & Shimek, Pensacola, Fla., for defendants.

## ORDER

ARNOW, District Judge.

This suit involves a labor dispute between the parties in which plaintiff filed complaint seeking injunctive relief and damages.

The complaint alleges that, under the agreement between them, the plaintiff company shall employ journeymen belonging to the defendant union, with the employment effected by the company calling the union and requesting it to refer journeymen to it for employment. It further alleges the agreement contains this provision:

> "3(b). Requests by contractors for particular journeymen previously employed by the contractor and who have been laid off or terminated by the contractor within twelve months previous to the requests shall be given preference of rehire and shall be dispatched to that contractor, regardless of the applicant's position on the out-of-work list."

and that the union had refused to comply with such provision.

Defendants removed the case to this court. Plaintiff filed motion for remand, and arguments of counsel for the respective parties on the motion have been heard.

Petition for removal alleges such is proper under the jurisdiction removal section of the statute (28 U.S.C.A. § 1441(b)) and under 29 U.S.C.A. § 185 (a).

This court has no power, in this case, under the Norris-LaGuardia Act, 29 U.S. C.A. § 101 et seq. to grant injunctive relief. As removal here depends on original jurisdiction, the question is presented whether this suit is within this court's orginal jurisdiction.

Counsel for the parties have found, and independent research has disclosed, no opinion of the Supreme Court of the United States, or of the Fifth Circuit Court of Appeals, determining the question. Contrary positions have been taken by the Sixth Circuit in Avco Corporation v. Aero Lodge No. 735, International Association of Machinists and Aerospace Workers et al., 376 F.2d 337 (1967) and by the Third Circuit in American Dredging Company v. Local 25, Marine Division, International Union of Operating Engineers, AFL–CIO, et al., 338 F.2d 837 (1964).

There is a factual distinction between this case and *American Dredging Company*. In this case, plaintiff seeks both injunction and damages; in *American Dredging Company*, only injunction was sought. In considering the question of remand, however, that should be regarded as a distinction without being a difference. Respectable authority agrees. 1A, Moore's Federal Practice, p. 1003.

██ The same writers point out the majority view, believed by them to be sound, is that the federal district court must remand suits requesting injunctive relief beyond the federal court's original jurisdiction. Id., p. 1004.

Consideration of the foregoing impels the conclusion this case should be remanded. Such conclusion is bolstered by the established principle that, if doubt exists, the case should be remanded. 28 U.S.C.A. § 1441, at n. 5.

For this court to have jurisdiction there must be here involved, under 29 U.S.C.A. § 185(a), a suit in an industry affecting commerce as defined in the Act.

██ The complaint does not, on its face, disclose such suit. That lack on the record may not be supplied by the petition for removal; in the present state of the record this suit must be remanded also for that reason. Gully v. First Nat. Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Gaitor v. Peninsular & Occidental Steamship Co. et al., 287 F.2d 252 (5th Cir., 1961); Bonnell v. Seaboard Air Line R. R. Co., 202 F.Supp. 53 (D.C.Fla.1962).

It appears this case was removed improvidently and without jurisdiction. 28 U.S.C.A. § 1447(c). Accordingly, it is

Ordered:

1. This cause be and it is hereby remanded to the Circuit Court of Escambia County, Florida.

2. The Clerk of this Court is hereby directed to mail a certified true copy of this order to the Clerk, Circuit Court of Escambia County, Florida.