**WINTERS GOVERNMENT SECURITIES CORPORATION, a Florida Corporation, Plaintiff,**

v.

**CEDAR POINT STATE BANK and Ralph Linnens, Defendants.**

**No. 77–6229–Civ–JLK.**

United States District Court,
S. D. Florida.

March 16, 1978.

Charles D. Franken, Fort Lauderdale, Fla., for plaintiff.

Thomas A. Groendyke, Fort Lauderdale, Fla., for defendants.

## ORDER OF REMAND

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon plaintiff's motion for remand and defendants' motion for leave to amend their removal petition. The court, having considered the record and being fully advised in the premises, finds and concludes that the motion for remand should be granted and the motion to amend should be denied.

This action was brought originally in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. The defendants Cedar Point State Bank and Ralph Linnens joined in a petition for removal. Plaintiff subsequently filed a motion for remand, whereupon defendants moved for leave to amend their removal petition. In essence, plaintiff argues that this court lacks jurisdiction because of defendants' failure to establish diversity of citizenship, while defendants claim that the petition is sufficient on its face and, in the alternative, that amendment should be allowed since any defect is a mere technical imperfection.

## I.  MOTION FOR REMAND

Title 28 U.S.C.A. § 1447(c) (1973), governing procedure after removal, provides as follows:

If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.

The central issue before this court, therefore, is whether this cause was removed "improvidently and without jurisdiction." *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976); *Crews v. Seaboard Coast Line Ry. Co.,* 413 F.Supp. 679 (M.D.Fla.1976). The court concludes that it was.

As a preliminary matter it must be noted that the case law requires strict compliance with the statutory procedure for removal. *Perrin v. Walker,* 385 F.Supp. 945 (E.D.Ill.1974); *Sun Oil Co. of Pa. v. Pa. Dept. of Labor & Industry,* 365 F.Supp. 1403 (E.D.Pa.1973); *Crawford v. Fargo Manufacturing Co.,* 341 F.Supp. 762 (M.D. Fla.1972). Analysis of 28 U.S.C. § 1446(b), the applicable procedure for removal of actions founded on diversity jurisdiction, indicates that a petition for removal may be filed only if the initial pleading is "removable." (Compare the first and the second paragraphs of that section.) Accordingly, one line of authority indicates that if the complaint filed in state court is not removable, the petition for removal cannot supply missing elements required to establish federal jurisdiction. *Gaitor v. Peninsular & Occidental Steamship Co.,* 287 F.2d 252 (5th Cir. 1961); *Gale v. Smock,* 64 F.R.D. 330 (S.D.Iowa 1974). Case law supporting this proposition leads to the conclusion that the first determination which must be made in consideration of the issue before this court is whether the state court complaint was removable on its face. *See Gaitor, supra; Carroll Construction Co. v. Reneau,* 279 F.Supp. 715 (N.D.Fla.1968). The court finds that the complaint at issue is inadequate to establish federal jurisdiction. There is no federal question to validate removal under 28 U.S.C. § 1441(b) since all claims are related to Florida law. Neither is diversity of citizenship established pursuant to 28 U.S.C. § 1332 since there is no allegation of the defendants' citizenship. Therefore, on the basis of the state court record alone, the complaint is not removable and the petition for removal was improvidently filed in violation of the statutory procedure for removal, 28 U.S.C. § 1446(b).

A complaint which is not removable when filed may nevertheless become removable. Thus the statute provides as follows:

[i]f the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service

or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.A. § 1446(b) (1973). The rule has long been established, however, that only a voluntary act by the plaintiff—such as the filing of an amended complaint—can render a complaint removable under this provision. Indeed, this "voluntary-involuntary rule" has specifically been held to survive the 1949 amendment of this statute. *Weems v. Louis Dryfus Corp.,* 380 F.2d 545 (5th Cir. 1967); *see also Continental Oil Co. v. PPG Industries, Inc.,* 355 F.Supp. 1183 (S.D.Tex. 1973). In the case sub judice, no voluntary act has been performed by the plaintiff which would render his complaint removable. Therefore, defendants cannot rely upon this statutory provision to validate their removal petition.

■ Alternatively, there is also strong authority to support the proposition that the petition for removal itself must be considered in determining whether federal jurisdiction exists. The Fifth Circuit has held that

". . . in practice, the federal courts usually do not limit their inquiry to the face of plaintiff's complaint, but rather consider the facts disclosed on the record as a whole in determining the propriety of removal." 14 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3734, (1976), *citing Nunn v. Feltinton,* 294 F.2d 450 (5 Cir. 1961), *cert. denied* 369 U.S. 817, 82 S.Ct. 829, 7 L.Ed.2d 784 (1962).

*Villareal v. Brown Express, Inc.,* 529 F.2d 1219, 1221 (5th Cir. 1976). In applying this scope of analysis, it is axiomatic that the burden of establishing federal jurisdiction must be borne by the party seeking to preserve removal. *Benjamin v. Western Boat Building Corp.,* 472 F.2d 723 (5th Cir. 1973); *Wilson v. N. Y. Terminal Warehouse Co.,* 398 F.Supp. 1379 (M.D.Ala.1975).

■ The result must be the same under this more liberal analysis, however, because the petition for removal does not assert allegations sufficient to support diversity jurisdiction under 28 U.S.C. § 1332. The petition is defective in three respects. 1) There is no allegation of defendant Linnens's citizenship, either at the commencement of this action or at the time of the filing of the petition for removal, both of which are established requirements. *Stevens v. Nichols,* 130 U.S. 230, 9 S.Ct. 518, 32 L.Ed. 914 (1889); 14 Wright, Miller & Cooper, *Federal Practice & Procedure:* Jurisdiction § 3723 (1976). 2) There is no allegation of defendant Cedar Point State Bank's legal status. Thus, it is not established whether the bank is a corporation. 3) There is no allegation of defendant Cedar Point State Bank's principal place of business, if it is a corporation, or the citizenship of its members, if it is an association. *See Bradford v. Mitchell Bros. Truck Lines,* 217 F.Supp. 525 (N.D.Cal.1963) (omission from petition for removal of principle place of business of defendant corporation and citizenship of plaintiffs resulted in remand). These defects are fatal to diversity jurisdiction. Therefore, on the basis of the record as a whole, including the petition for removal, this cause was removed improvidently and without jurisdiction to federal court and must be remanded.

■ Defendants argue that plaintiff has waived its right to object to jurisdictional defects in their petition for removal for two reasons: 1) plaintiff admitted in the memorandum in opposition to defendants' motion to dismiss that federal jurisdiction existed by diversity; and 2) plaintiff has actively participated in the removed case through discovery proceedings. However, defendants overlook the established rule of law that jurisdictional defects may be raised at any time. Indeed, the issue of jurisdiction over the subject matter need not be raised by one of the parties, but may be considered sua sponte by the court. Fed.R.Civ.P. 12(h)(3). Accordingly,

[t]he right to secure remand when a federal subject matter jurisdiction basis for removal is absent cannot be waived. As is true of original federal court actions, a district court is required to notice and

determine the existence of federal question or diversity of citizenship jurisdiction in a removal case on its own motion when not raised by one of the parties.

14 Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction § 3739 (1976), at 756. The First Circuit has traced carefully the Supreme Court cases which developed and established the proposition that a party may "reopen jurisdictional facts that were admitted in his pleading." *Eisler v. Stritzler,* 535 F.2d 148, 151 (1st Cir. 1976). In fact, it has been held even after appeal and remand by the appellate court that "[a] jurisdictional defect must be noticed at any time" even though jurisdictional allegations were admitted. *U. S. v. Jacksonville Terminal Co.,* 351 F.Supp. 452, 454 (M.D.Fla.1972) (remanded by 451 F.2d 418 (5th Cir. 1971)). Therefore, defendants' waiver argument must fail, and remand remains the proper disposition for this cause.

## II. MOTION TO AMEND

■ Defendants also argue that they should be allowed to amend the petition for removal to properly allege diversity jurisdiction. Assuming that a petition for removal is properly filed, it may be amended freely within the statutory period of thirty days from service of the complaint. Thereafter, however, it may be amended only to set forth more specifically grounds for removal which were imperfectly stated in the original petition. *Firemen's Insurance Co. of Newark, N.J. v. Robbins Coal Co.,* 288 F.2d 349 (5th Cir. 1961). An imperfect or defective allegation is distinguished from a missing allegation, which is not subject to amendment after thirty days. *Crawford, supra; Garza v. Midland National Insurance Co.,* 256 F.Supp. 12 (S.D.Fla.1966). Therefore, assuming arguendo that the removal petition was not improperly filed, the determinative issue becomes whether the jurisdictional allegations are missing or imperfectly stated. If the latter, then the jurisdictional defects may be cured; if the former, the cause must be remanded for lack of federal jurisdiction.

■ Defendants argue that the general averment of diversity jurisdiction in their petition for removal is sufficient to render any defect in their jurisdictional statement a technical imperfection which may be amended. Specifically, the petition merely claims that "this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1332" and that the action "is a civil action wherein the matter in controversy . . . is between citizens of different states." However, such a general allegation is patently insufficient to confer jurisdiction upon this court.

> The authority which the [removal] statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment . . . . .

*McNutt ·v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1935) (cited in *Gaitor, supra*). Recalling that the burden is upon the defendants to support the propriety of removal, the court concludes that the citizenship of defendant Linnens both at the commencement of this action and at the time of filing of the petition for removal, the legal status of the defendant bank, and the principle place of business of the defendant bank must be construed as missing allegations rather than imperfectly stated allegations. *See Garza, supra; Van Horn v. Western Electric Co.,* 424 F.Supp. 920 (E.D. Mich.1977); *Bradford, supra* (defendant not entitled to amend petition nunc pro tunc).

> [A] Failure to allege the principal place of business of a corporation, in addition to its place of incorporation, completely fails to set forth the required allegations of jurisdiction, and an amendment thereto to set forth such allegations is an amendment of fact rather than a mere correction of a defective form.

*Bradford,* 217 F.Supp. at 527.

Consequently, the motion to amend must be denied and this cause must be remanded to the state court from which it was removed improvidently and without jurisdiction.

## III. CONCLUSION

In summary, this court finds and concludes that the complaint sub judice was not removable on its face, that no voluntary action by the plaintiff rendered said complaint removable, that the petition for removal did not establish diversity jurisdiction so as to render the complaint removable, that plaintiff could not waive its right to question the existence of federal jurisdiction, and that missing jurisdictional allegations in the removal petition precluded its amendment after the statutory period had run. The principles of judicial comity and efficiency also mandate that this cause be remanded:

> [a] Federal Court, . . . while careful to preserve its own jurisdiction in a case that is removable, should exercise the same care to protect the jurisdiction of the State Court in a case that is not removable. It has very frequently been held that in a doubtful case or where the right of removal is questionable, the District Court should decline jurisdiction and remand the case.

*Putterman v. Daveler,* 169 F.Supp. 125, 130 (D.C.Del.1958). Therefore, it is

ORDERED and ADJUDGED that plaintiff's motion for remand be and the same is hereby granted, this cause having been removed improvidently and without jurisdiction. It is further

ORDERED and ADJUDGED that defendants' motion to amend their petition for removal be and the same is hereby denied. It is further

ORDERED and ADJUDGED that the motion to intervene filed by Melvin Bogus be and the same is hereby rendered moot by this order.

DONE and ORDERED in chambers at the United States District Courthouse, Miami, Florida, this 16th day of March, 1978.