**AMERICAN EDUCATORS FINANCIAL CORPORATION, et al., Plaintiffs,**

v.

**Donna D. BENNETT, etc., et al., Defendants.**

**Civil Action No. CV–95–A–1593–N.**

United States District Court,
M.D. Alabama,
Northern Division.

June 6, 1996.

---

Allen C. Jones, Troy, AL, Walter R. Byars, William M. Bowen, Jr., Steiner, Crum & Baker, Montgomery, AL, for American Educators Financial Corporation, Green Land Company, Inc., Green Rivers Forest, Inc., CNL Marketing Corporation of Alabama, Gibson & Carden Consulting Group, Inc., James G. Stringer, Jr., Burton R. Green and Jimmy R. Copeland.

Floyd R. Gilliland, Jr., Nix, Holtsford & Vercelli, P.C., Montgomery, AL, for Donna D. Bennett, Consolidated National Life Insurance Company, Randolph D. LamberJack, John F. Mortell, Brian J. Shuff, Thomas R. Kleinschmidt, Fred Greve, III, Marylyn G. Grayson and Jeanette H. Stinson.

Nicholas J. Cervera, Cervera & Ralph, Troy, AL, for Bill Mathews.

Victor L. Hayslip, John C. Morrow, William C. Knight, Jr., William F. Murray, Jr., Burr & Forman, Birmingham, AL, Courtney Wayne Tarver, Walter Sanderson Turner, Jeff Sessions, Attorney General, Office of the Attorney General, Montgomery, AL, for James H. Dill, Ralph O. Hutchison, and William H. Mills.

Thomas T. Gallion, III, Haskell, Slaughter, Young, Johnston & Gallion, Montgomery, AL, John C. Morrow, William C. Knight, Jr., William F. Murray, Jr., Courtney Wayne Tarver, Walter Sanderson Turner, Jeff Sessions, Attorney General, for Barbara Spears, defendant.

Thomas T. Gallion, III, Haskell, Slaughter, Young, Johnston & Gallion, Montgomery, AL, Victor L. Hayslip, John C. Morrow, William C. Knight, Jr., William F. Murray, Jr.,

Burr & Foreman, Birmingham, AL, Courtney Wayne Tarver, Birmingham, AL, William A. Shashy, Julia J. Weller, Sasser & Littleton, P.C., Montgomery, AL, for Michael Debellis and Nelson Burnett.

Nicholas J. Cervera, Thad Yancey, Jr., Troy, AL, New Era Life Ins. Co. and New Era Life Insurance Company of the Midwest.

Thomas M. Eden, III, Spain & Gillon, Birmingham, AL, Kenneth T. Fuller, Cassady, Fuller & Marsh, Enterprise, AL, M. Roland Nachman, Jr., Balch & Bingham, Montgomery, AL, for Alabama Life and Disability Insurance Guaranty Association.

Victor L. Hayslip, Burr & Foreman, Birmingham, AL, William Kennedy Hancock, Gilbert E. Johnston, Jr., Johnston, Barton, Proctor & Powell, Birmingham, AL, for F & W Forestry Services, Inc., E. Dantzler Frazer and Eley C. Frazer, III.

## ORDER

ALBRITTON, District Judge.

This case is before the court on the Motion to Remand filed by the Plaintiffs on December 21, 1995. After carefully considering the motion and all matters contained in the file, the court is of the opinion that the motion is due to be granted. The court is of the further opinion that it is unnecessary to determine at this time the Motion to Disqualify Thomas T. Gallion, III, and that that issue will more appropriately be addressed by the state court.

This case was originally filed in the Circuit Court of Pike County, Alabama, on August 24, 1995. The complaint was amended several times, but the amendment adding parties and claims which generated the removal of the case to this court was filed on November 9, 1995. The first Defendant was served with this Amended Complaint on November 13, 1995.

The case was removed to federal court by the filing of a Notice of Removal in this court on December 13, 1995. The Notice alleged that the removal was timely because it was filed within 30 days of service on November 13, 1995, of the November 9, 1995, Amended Complaint. The ground for removal stated

in the Notice was federal question jurisdiction of the claim contained in Count XIII of the 23–count complaint, which claimed relief based on copyright infringement. No other ground for removal was alleged.

The Motion to Remand, with documents attached, establishes that Count XIII, the only count alleged in the Notice of Removal to involve a federal question, was stricken from the complaint by a Fourth Amendment to Complaint filed in the Circuit Court of Pike County, Alabama, on December 13, 1995, about two hours and forty minutes before the Notice of Removal was filed in this court. Therefore, at the time the Notice of Removal was filed, the federal issue alleged in the Notice did not exist.

On December 29, 1995, an Amendment to Notice of Removal was filed. This was more than 30 days after service of the Amended Complaint, and no motion was filed to allow the filing of the Amendment. The Amendment alleged a new ground of removal based on the fact that one of the Plaintiffs, Green Rivers Forest, Inc., had filed a Chapter 11 bankruptcy proceeding prior to the institution of this suit. The removing Defendants alleged that they did not discover this bankruptcy until December 27, 1995, a date after they filed their original Notice of Removal, and that the amendment adding that ground was, therefore, timely. Aside from other problems which Defendants face in attempting to add this ground for removal, the court notes that ¶ 110 on page 42 of the November 9, 1995, Amended Complaint alleges that Green Rivers Forest, Inc. had filed Chapter 11 bankruptcy proceedings. Therefore, contrary to the allegations of the Amendment to Notice of Removal, the Defendants were on notice of that Plaintiff's bankruptcy at the time the original Notice of Removal was filed.

The Amendment to Notice of Removal also attempts to allege additional federal claims contained in the Amended Complaint which were not pointed out in the original Notice of Removal. Although the Defendants allege that "This section simply sets out more specifically the federal question jurisdiction which was already addressed in the Original Notice and clarifies the basis for original federal question jurisdiction in this case," these are clearly new grounds. The original Notice of Removal specified only the copyright infringement claim contained in Count XIII as being the claim involving a federal question. These new allegations are an attempt to raise additional grounds of federal question jurisdiction not included in the original notice.

■ A notice of removal may be amended freely within the 30–day period allowed for removal. After that time, however, the notice may be amended only to set forth more specifically grounds for removal which were imperfectly stated in the original petition. An imperfect or defective allegation is distinguished from a missing allegation, which may not be added by amendment after the 30–day period has expired. *See* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3733 at 537 (2nd ed. 1985); *Alexander by Alexander v. Goldome Credit Corp.*, 772 F.Supp. 1217, 1221 (M.D.Ala.1991); *Winters Govern. Sec. Corp. v. Cedar Point*, 446 F.Supp. 1123, 1127 (S.D.Fla.1978).

Since the Notice of Removal specifically alleged only Count XIII as the basis for federal question jurisdiction, these new allegations add new grounds or furnish missing allegations; they do not simply set out more specifically imperfectly-stated grounds.

Since the allegations contained in the Amendment to Notice of Removal regarding bankruptcy and federal issues other than the issue involved in Count XIII are new grounds and allegations not made within 30 days of the date when this case is alleged to have first become removable, they will not be allowed.

■ Even if the Amendment to Notice of Removal were allowed, however, the removal would still be defective because, as pointed out by the Plaintiffs in their Motion to Remand, all Defendants did not join or consent to the removal. Two Defendants, Bill Mathews and Mathews Construction Company, have withdrawn their consent to removal. The removing Defendants contend that this should be disregarded because these Defendants were fraudulently joined. An "Objec-

tion to Petition for Removal of Action" was filed by Thomas T. Gallion, III, as attorney for Defendants Michael Debellis, Nelson Burnett, and Barbara Spears. This is the subject of the Defendants' Motion to Disqualify Thomas T. Gallion, III, in which the Defendants contend that Defendants Debellis, Burnett, and Spears can only be represented in their official capacities by attorneys selected by the Attorney General of the State of Alabama, and that those are attorneys other than Gallion. Putting aside these contentions as to the possible fraudulent joinder of Mathews and the issue of who may properly represent Burnett, Debellis, and Spears in their official capacities, there is still a refusal to consent on the part of Barbara Spears, individually. The complaint does not limit the claim against Spears to her official capacity only, as it does concerning the claims against Burnett and Debellis. The complaint alleges wrongdoing by Spears "either in her individual capacity or as an employee of the Receivership Division of the State of Alabama Department of Insurance, acting in the line and scope of her employment and capacity." *See* ¶ 20 of Amended Complaint filed on November 9, 1995, and ¶ 25 of the Second Amended Complaint filed on December 1, 1995. It is not suggested that Gallion should be removed as attorney for Spears, individually. Therefore, since this Defendant individually has objected to the removal, there is a lack of unanimity among Defendants.

 Finally, even if the Amendment to Notice of Removal were allowed and all necessary Defendants were held to have consented to removal, the court would find that removal is not proper. None of the claims remaining after Count XIII was stricken arise under federal law in the manner required for federal question jurisdiction. Although federal rights may be involved in some ways, the claims themselves are state law claims. Furthermore, since the claim of the Plaintiff which had filed Chapter 11 bankruptcy proceedings is closely related to the claims of the other Plaintiffs and all claims would best be handled in a single proceeding, the court would abstain, in the interest of justice and in the interest of comity with state courts and respect for state law, from hearing that Plaintiff's claim, rather than accept jurisdiction of that claim and exercise supplemental jurisdiction over the others. *See* 28 U.S.C. § 1334(c)(1).

For the reasons stated above, it is hereby ORDERED as follows:

1. The Motion to Remand is GRANTED, and this case is REMANDED to the Circuit Court of Pike County, Alabama. The clerk is DIRECTED to take appropriate steps to effect the remand.

2. All other motions, including the Motion to Disqualify Thomas T. Gallion, III, are reserved for determination by the Circuit Court of Pike County, Alabama.

DONE.