Sidney Lee **HASSELL**, Plaintiff-Appellant,

v.

**HARMON FOODS, INC.**, a Tennessee corporation, and **Continental Coffee Company**, a Delaware corporation, Defendants-Appellees.

No. 71-1315.

United States Court of Appeals,
Sixth Circuit.

Jan. 12, 1972.

Phillip E. Kuhn, Memphis, Tenn., for appellant.

Victor G. Savikas, Chicago, Ill. (John E. McKee, Memphis, Tenn., on the brief), for appellees; Friedman, Koven, Shapiro, Salzman, Koenigsberg, Specks & Homer, Chicago, Ill., of counsel.

Stanley P. Hebert, Gen. Counsel, John de J. Pemberton, Jr., Deputy Gen. Counsel, Julia P. Cooper, Chief Appellate Section, Robert B. Wallace, Atty., Equal Employment Opportunity Commission, Washington, D. C., Laverne S. Tisdale, Field Atty., EEOC, Memphis, Tenn., on the brief as amicus curiae of the Equal Employment Opportunity Commission.

Before WEICK, PECK and MILLER, Circuit Judges.

PER CURIAM.

The plaintiff-appellant filed an application with the Equal Employment Opportunity Commission (hereinafter EEOC) against the defendant Harmon Foods, Inc., alleging discrimination on the basis of race. Upon the failure of conciliatory efforts undertaken by the EEOC, the present action was filed in the District Court. An amended complaint filed therein added the Continental Coffee Company, the parent corporation of the wholly-owned subsidiary Harmon Foods, as a party defendant. Harmon Foods thereafter filed a motion to dismiss on the ground that the District Court was without jurisdiction since it had not had an aggregate of 25 employees during the critical 20 calendar months period required by 42 U.S.C. § 2000e, et seq. It is here conceded that such employment is a jurisdictional prerequisite to an action under the Civil Rights Act of 1964.

Concurrent with Harmon Foods' motion, Continental Coffee filed a motion for summary judgment contending that it was not the employer of appellant, that it had never received notice of the action before the EEOC and had never been a party thereto. From the granting of both appellees' motions by the District Court appellant has appealed. The sole issue presented on this appeal is whether the two corporate defendants have requisite "substantial identity" such that they constitute a single employer as defined in 42 U.S.C. § 2000e(b).

In his memorandum decision and order dismissing the action from which this appeal was perfected, Chief Judge

200

Bailey Brown found the relationship between the parent corporation and the subsidiary to be "a normal one, and that the subsidiary corporation could in no way be called a 'sham'." He observed that the affairs of the two "are generally handled separately," and that the subsidiary corporation was in legal contemplation a separate one "in that, for example, the parent would not be liable for the debts of the subsidiary and that the subsidiary would be recognized as a separate one for tax purposes." On this basis, the District Court specifically declined to find that the two corporations constituted a single employer for purposes of the EEOC action, and this finding is supported by evidence in the record.

We affirm the judgment of the District Court.