UNITED STATES of America, Plaintiff,

v.

JACKSONVILLE TERMINAL COMPANY et al., Defendants.

Civ. No. 68–239.

United States District Court, M. D. Florida, Jacksonville Division.

Nov. 29, 1972.

William B. Fenton, Atty., U. S. Dept. of Justice, Washington, D. C., John L. Briggs, U. S. Atty., John D. Roberts, Ass't U. S. Atty., Jacksonville, Fla., for plaintiff.

William J. Hickey, Washington, D. C., William H. Adams, III, Guy O. Farmer, II, Jacksonville, Fla., William J. Donlon, Gen. Counsel, Brotherhood of Railway, Airline and Steamship Clerks, O'Hare International Transportation Center, Rosemont, Ill., Robert Hart, Gen. Counsel, United Transportation Union, Cleveland, Ohio, Harold L. Russell, Atlanta, Ga., Luke G. Galant, Jacksonville, Fla., Clarence M. Mulholland, Richard R. Lyman, Richard M. Colasurd, Toledo, Ohio, Harold A. Ross, Cleveland, Ohio, Delbridge L. Gibbs, Jacksonville, Fla., for defendants.

## ORDER

CHARLES R. SCOTT, District Judge.

Late in these proceedings certain of the labor organizations [1] named herein as defendants have moved [2] this Court to dismiss them as defendants on the ground that each said labor organization is not a labor organization subject to the application of the Civil Rights Act of 1964, as amended, and, accordingly, can-

---

1. The moving labor organizations are the Railroad Yardmasters of America (RYA); American Railway Supervisors Association (ARSA); Brotherhood of Railroad Signalmen of America (BRS); International Association of Machinists and Aerospace Workers (IAM); International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers, and Helpers (Boilermakers); Sheet Metal Workers International Association (SMW); International Brotherhood of Firemen, Oilers, Helpers, Roundhouse and Railway Shop Laborers (IBFO); and System Federation No. 50 of the Railway Employes' Department, AFL–CIO (System Federation).

2. The motion was filed herein November 9, 1972.

not be found to have violated any of the provisions thereof.

 This motion comes long after the trial of this case and, in fact, long after remand from the United States Court of Appeals for the Fifth Circuit.[3] However, regardless of these considerations and regardless of the consideration, here argued by the government, that the moving labor organizations may have hereinbefore admitted the government's jurisdictional allegations, it is legally necessary and appropriate that this Court entertain and consider this motion; for to do otherwise would be to deny the historically supportable understanding and constitutionally mandated theorem that the parties cannot confer jurisdiction on a federal court. A jurisdictional defect must be noticed at any time. *See* Fed.R.Civ.P. 12(b)(3). Once jurisdiction is challenged, the burden is upon the party claiming jurisdiction to demonstrate that jurisdiction of the subject matter exists. *Cf.* McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1935).

The essence of the labor organizations' contention is that they do not here fall within the ambit of 42 U.S.C. § 2000e(e). The labor organizations do not argue that their national and international structures do not encompass more than 25 members[4] but submit that

. . . each of said defendant unions is the collective bargaining representative of less than twenty-five (25) Terminal employees and as such *not* a labor organization engaged in an industry affecting commerce within the meaning of Section 701(e) of the Act.[5]

 This Court has considered the argument of the labor organizations that the rationale of Hassell v. Harmon Foods, Inc., 454 F.2d 199 (6th Cir. 1972), should appropriately be applied by analogy. Although this Court hereinafter impliedly determines that case not to be properly analogous, on the basis of the record in this case this Court hereby specifically finds that the government has met its burden and that, since there exists such a substantial identity between the members of the defendant unions in the employ of the Terminal and the various and respective national and international labor organizations of which they are members, therefore, they are indistinguishable for the purposes of 42 U.S.C. § 2000e (d), (e) and (h). *Cf.* Hassell v. Harmon Foods, Inc., *supra.*

 This Court has carefully considered the available legislative history of the Civil Rights Act of 1964 in order to determine the validity of the statutory construction which the labor organizations urge upon the Court. *See, e. g.,* 1964 U.S.Code Cong. & Admin.News p. 2355. In researching this legislative history, this Court finds nothing of an illuminative nature which is dispositive. *See, e. g.,* 1964 U.S.Code Cong. & Admin. News p. 2355 at pp. 2359, 2402. However, since the provisions of 42 U.S.C. § 2000e(e) serve effectively to limit the applicability of this legislation, which is emblematic of settled national policy, this Court is of the opinion that the "twenty-five member" provision of 42 U.S.C.A. § 2000e(e) should be construed in keeping with the purposes and policies of the Act. Therefore, this Court holds that subject matter jurisdiction in this case cannot be defeated by a mere showing that a particular labor organization had less than 25 members in the employ of the defendant Terminal. In short, the term "labor organization", as used in

3. This Court's findings of fact and conclusions of law are dated May 5, 1970, and reported at 316 F.Supp. 567 (M.D. Fla.1970). The opinion of the Court of Appeals is dated August 31, 1971, and reported at 451 F.2d 418 (5th Cir. 1971).

4. *See* motion to dismiss on behalf of certain union defendants at 2 and 3 (filed herein November 9, 1972); transcript of proceedings at 15 (filed herein November 20, 1972).

5. Motion to dismiss on behalf of certain union defendants at 2 (filed herein November 9, 1972).

42 U.S.C. § 2000e(e), cannot be so delineated as to include only those members thereof in the employ of a particular industry affecting commerce.

Therefore, it is

Ordered:

The motion to dismiss on behalf of certain union defendants, filed herein November 9, 1972, is hereby denied.