United States Court of Appeals,

Fifth Circuit.

No. 93-7690.

Catherine GREENLEES, Plaintiff-Appellant,

v.

EIDENMULLER ENTERPRISES, INC., d/b/a Express Temporary Services, Inc., Defendant-Appellee.

Sept. 20, 1994.

Appeal from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, SMITH, Circuit Judge, and HAIK, District Judge.[*]

JERRY E. SMITH, Circuit Judge:

Catherine Greenlees appeals the district court's dismissal of her claim for lack of subject matter jurisdiction. Because the district court lacks subject matter jurisdiction over an employment agency that is sued in its capacity as an employer when the agency has fewer than fifteen employees, we affirm.

I.

Eidenmuller Enterprises (Eidenmuller) is a franchisee of Express Services, Inc. (Express), an Oklahoma-based employment placement company. Pursuant to the franchise agreement, Eidenmuller is paid a commission fee by Express to screen and place temporary workers with companies in the Corpus Christi area. The local companies at which the temporary workers are placed pay Express directly for the services of the temporary workers; they do not pay Eidenmuller.

Catherine Greenlees was employed by Eidenmuller as a permanent placement specialist and an employee supervisor. Her wages and benefits were paid by Eidenmuller, her job duties were assigned by Eidenmuller, and Eidenmuller established the terms and conditions of her employment and had sole authority to hire and fire her.

Eidenmuller terminated Greenlees. She sued, alleging discrimination in her termination. The

[*]District Judge of the Western District of Louisiana, sitting by designation.

district court dismissed for lack of jurisdiction on the ground that Eidenmuller did not meet the statutory definition of "employer."

## II.

## A.

Title VII makes it unlawful for "employers," "employment agencies," or "labor organizations" to discriminate against an individual because of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). The term "employer" is defined as follows:

> The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person....

42 U.S.C. § 2000e(b). The district court found that Eidenmuller employed fewer than fifteen employees, and this finding was not clearly erroneous. Therefore, if Greenlees's suit against Eidenmuller is in Eidenmuller's capacity as an employer, we lack subject matter jurisdiction over the claim. *Womble v. Bhangu,* 864 F.2d 1212, 1213 (5th Cir.1989); *Dumas v. Town of Mt. Vernon,* 612 F.2d 974, 979-80 (5th Cir.1980).

The term "employment agency" is defined as follows:

> The term "employment agency" means any person regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer and includes an agent of such a person.

42 U.S.C. § 2000e(c). Unlike the definition of "employer" in § 2000e(b), the definition of "employment agency" does not include any size requirement for coverage under title VII.

It is unlawful for an employment agency "to fail or refuse to refer for employment or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(b). An employment agency may be classified as either an employer or an employment agency. *See Schattman v. Texas Employment Comm'n,* 459 F.2d 32, 37-38 (5th Cir.1972), *cert. denied,* 409 U.S. 1107, 93 S.Ct. 901, 34 L.Ed.2d 688 (1973). The capacity in which the employment agency is sued determines whether the court has jurisdiction. *Compare id.* at 38 (concluding that court lacked jurisdiction where employment agency sued in capacity as employer and did not fall within definition of employer) *with Vick v. Texas Employment Comm'n,* 514 F.2d 734,

736 (5th Cir.1975) (holding that court had jurisdiction over employment agency sued in its capacity as employment agency).

*Schattman* held that an employment agency that is excluded from the definition of employer under title VII is not subject to title VII with respect to its actions as an employer. 459 F.2d at 38. In *Schattman,* the plaintiff, a former employee of the Texas Employment Commission ("TEC"), sued the TEC, alleging that it discriminated against its employees on the basis of pregnancy. The court relied upon a statutory exemption forbidding jurisdiction for suits against "state or political subdivision[s]," *id.* at 37, and held that the TEC was not an employer covered by title VII. The court rejected the dissent's position that the term "employment agency" could be defined with sufficient elasticity to include the TEC in its capacity as an employer. *Id.* at 38.

Similarly, Greenlees has sued Eidenmuller in its capacity as her employer. Since Eidenmuller employs fewer than fifteen employees, it does not fall within the statutory definition of employer under title VII because title VII excludes employers with fewer than fifteen employees from coverage.

Greenlees argues that under *Vick,* the court has jurisdiction. But *Vick* is distinguishable. In *Vick,* a client of the TEC, not a TEC employee, sued the TEC, alleging that it violated title VII by refusing to refer her for jobs because she was pregnant. 514 F.2d at 735. Because the plaintiff was a client, TEC was being sued in its capacity as an employment agency. *Id.* at 736. Thus, the TEC's status as an employer was not in issue.

Our decision that we lack subject matter jurisdiction is supported by analogous caselaw interpreting the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.,* which is patterned after title VII. The ADEA definitions of "employer," *id.* § 630(b), and "employment agency," *id.* § 630(c), are similar, except that to qualify as an employer for purposes of federal subject matter jurisdiction under the ADEA, the employer must have twenty, rather than fifteen, employees, and employment agencies are prohibited from discriminating against "any individual" because of age. *Id.* § 623(b). In *Brennan v. Paragon Employment Agency, Inc.,* 356 F.Supp. 286, 288 (S.D.N.Y.1973), *aff'd mem.,* 489 F.2d 752 (2d Cir.1974), the court held that no claim was stated against an employment agency that was sued in its capacity as employer, rather than as an

employment agency, because the agency employed fewer than twenty employees.

Similarly, "[w]here ... a plaintiff attempts to hold the union liable in its employer capacity, it must fall under that definition, ... just as any other employer." *Chavero v. Local 241, Div. of Amalgamated Transit Union,* 787 F.2d 1154, 1155 n. 1 (7th Cir.1986). Since the defendant union did not have fifteen or more employees, as required by 42 U.S.C. § 2000e(b), it was not an employer for purposes of title VII. *Id.* at 1155 n. 1, 1157; *accord Childs v. Local 18, Int'l Bhd. of Elec. Workers,* 719 F.2d 1379, 1382 (9th Cir.1983); *Shepherdson v. Local 401 of Int'l Ass'n of Bridge Structural & Ornamental Ironworkers,* 823 F.Supp. 1245, 1257 (E.D.Pa.1993); *Phelps v. International Molders & Allied Workers Union Local 63,* 25 Fair Empl.Prac.Cas. (BNA) 1164, 1166 (D.Minn.1981).

Under *Schattman* and the plain language of title VII, Greenlees must be considered to be suing Eidenmuller in its capacity as an employer, not as an employment agency. Thus, the district court was correct in holding that it lacked subject matter jurisdiction.

B.

Greenlees contends that the district court erred by refusing to defer to the EEOC's interpretation of its guidelines pursuant to *EEOC v. Arabian Am. Oil Co.,* 499 U.S. 244, 258, 111 S.Ct. 1227, 1235, 113 L.Ed.2d 274 (1991). Under the EEOC's Decision No. 71-1598, EEOC Decision (CCH) par. 6271 (1971), the EEOC declares that an employment agency is covered by title VII when acting in its capacity as an employer even if it does not meet the definition of "employer" under title VII. The EEOC bases its opinion upon the facts that the definition of "employment agency" contains no requirement that an employment agency have a certain number of employees as a condition of jurisdiction and that use of the phrase "or otherwise discriminate against any individual" reflects that jurisdiction over discrimination includes employees of an agency, not just clientele of the agency.

There are two flaws with this position. The first, most obvious problem is that we defer to agencies only when the language of a statute is ambiguous. In the current situation, under *Schattman* and the plain language of title VII, there is no ambiguity that would warrant deference to an agency

interpretation. We cannot accept jurisdiction on the basis of the EEOC's belief that we should have jurisdiction when Congress has explicitly forbidden us from doing so. *See Boelens v. Redman Homes, Inc.,* 748 F.2d 1058, 1067 (5th Cir.1984) (holding that statutes conferring jurisdiction are to be strictly construed, and doubts are to be resolved against federal jurisdiction).

Second, the usual deference afforded to agency interpretations is attenuated when applied to the EEOC, because Congress did not confer on the EEOC authority to promulgate rules or regulations under title VII. *See General Elec. Co. v. Gilbert,* 429 U.S. 125, 141-42, 97 S.Ct. 401, 410-11, 50 L.Ed.2d 343 (1976). Thus, the EEOC's interpretations are not controlling on the courts. *See Boureslan v. Aramco,* 857 F.2d 1014, 1019 n. 2 (5th Cir.1988), *aff'd,* 892 F.2d 1271 (5th Cir.1990) (en banc), *aff'd sub nom. EEOC v. Arabian Oil Co.,* 499 U.S. 244, 111 S.Ct. 1227, 113 L.Ed.2d 274 (1991). As noted, we will not defer to the EEOC's construction of its authority when the plain language of the statute and precedent squarely contradict the position advanced.

## III.

Eidenmuller never employed fifteen or more persons. Because Greenlees is suing Eidenmuller in its capacity as an employer, the district court lacked subject matter jurisdiction under title VII. Thus, we AFFIRM the judgment dismissing her claim.