**Betty T. SWITALSKI, Plaintiff,**

v.

**INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS, LOCAL UNION NO. 3, Defendant.**

**Civ. A. No. 93–0804.**

United States District Court,
W.D. Pennsylvania.

March 27, 1995.

Samuel J. Cordes, Ogg, Jones, DeSimone & Ignelzi, Pittsburgh, PA, for plaintiff.

Stanford A. Segal, Gatz, Cohen, Segal & Koerner, Pittsburgh, PA, for defendant.

## MEMORANDUM OPINION

CINDRICH, District Judge.

### I. Introduction

This is an action in employment discrimination pursuant to Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.*[1] Defendant, International Association of Bridge, Structural, and Ornamental Iron Workers, Local No. 3 (Local No. 3), sued here in its capacity as an employer rather than as a labor union, moves for summary judgment raising two issues: first, whether Local No. 3 is an "employer" *within the meaning of the ADA* for purposes of conferring subject-matter jurisdiction; second, whether the action is barred by plaintiff's failure to follow grievance procedures set forth in a collective bargaining agreement (CBA) between Local No. 3 and plaintiff's labor union.[2] For the reasons below, the motion of Local No. 3 will be granted.

---

**1.** Act of July 26, 1990, P.L. 101–336, Title I, § 104 Stat. 330. The official title of the law, effective July 26, 1992, is "Equal Opportunity for Individuals with Disabilities."

**2.** Plaintiff is a member of the Office and Professional Employees International Union, Local 457 by virtue of her employment with Local No. 3. Defendant's Brief, 2.

Plaintiff, who suffers from a hearing loss, filed suit alleging one count of discrimination in violation of the ADA.[3] According to the complaint, on March 16, 1993 plaintiff was terminated from her position as a clerk receptionist at the Local No. 3 office in Pittsburgh, Pennsylvania. Complaint ¶ 13. Plaintiff, whose condition requires that she wear hearing aids, asserts that although she performed her job satisfactorily, Local No. 3 discharged her due to the impairment. Complaint ¶ 10.

Local No. 3 challenges the Court's jurisdiction to entertain this action, arguing that it does not fall within the statutory definition of "employer" since plaintiff has failed to produce any evidence that it has ever employed twenty-five or more employees. The requirement that Local No. 3 be an employer with at least twenty-five employees is a essential to the Court's jurisdiction. The record is clear that standing alone, Local No. 3 does not now, nor has it ever employed more than twenty-five employees.

Plaintiff takes the position that for jurisdictional purposes, Local No. 3 and the International Association of Bridge, Structural and Ornamental Iron Workers (International Union) constitute one employer, and that aggregating the employees of each, the number exceeds twenty-five. Plaintiff argues that the question of whether the International Union has the right to control the activities of Local No. 3 is a material issue of fact.

## II. *DISCUSSION*

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is "material" if it may affect the outcome of a case under governing substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986).

The ADA is a comprehensive law prohibiting discrimination against disabled individuals in private and public employment, public accommodation and transportation, government services, and telecommunications. Title I of the ADA, enforced by the Equal Employment Opportunity Commission (EEOC), provides:

(a) **General rule.** No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). Section 101(2) defines "covered entity" as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). Section 101(5) provides, in pertinent part:

(5) Employer. (A) In general. The term ... employer means **a person engaged in an industry affecting commerce who has 25 or more employees** for each working day in each of 20 or more calendar weeks in the current or preceding year, **and any agent of such person.**

42 U.S.C. § 12111(5)(A) (emphasis added).

◼ The term "employer" is defined in the ADA as it is in the Civil Rights Act of 1964, *as amended,* 42 U.S.C. § 2000e *et seq.* Principles developed in case law under Title VII are therefore instructive on the issue whether Local No. 3 is an "employer." *See* EEOC Policy Guide N–915–005, (BNA) 405:6867 (August 14, 1990). In a Title VII action, if an entity itself employs less than the statutory requisite number of employees, application of single entity or agency theory may increase the number of employees in satisfaction of the jurisdictional minimum. *Shepherdson v. Local Union No. 401,* 823 F.Supp. 1245, 1247 (E.D.Pa.1993).

## A. *SINGLE–ENTITY TEST*

◼ Although there is no Third Circuit Court of Appeals case directly on point, sev-

---

**3.** Plaintiff filed a motion to amend the complaint to add one count of employment discrimination in violation of the Pennsylvania Human Rela-

tions Act, 43 P.S. § 951 *et seq.* For the reasons contained in this memorandum opinion, the motion will be denied as moot.

eral other courts of appeals have adopted a four-prong test utilized by the National Labor Relations Board (NLRB) in labor cases to determine whether two distinct entities constitute a single employing unit for Title VII jurisdiction. The test considers the following: 1) inter-relation of operations; 2) common management; 3) centralized control of labor relations; and 4) common ownership or financial controls. *Childs v. Local 18, Int'l Brotherhood of Elec. Workers*, 719 F.2d 1379 (9th Cir.1983); *Mas Marques v. Digital Equip. Corp.*, 637 F.2d 24 (1st Cir.1980); *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389 (8th Cir.1977). While all four criteria of the test need not be present in all cases and the presence of any single factor is not conclusive, control over the elements of labor relations is a central concern. *Armbruster v. Quinn*, 711 F.2d 1332, 1337 (6th Cir.1983).

■ Plaintiff and Local No. 3 agree upon the controlling authority of the single-entity test, however disagree upon its application. As to the first factor of the test—inter-relation of operations—plaintiff contends that since the chairman of the board of pension plans for the International Union, which is headquartered in Washington, D.C., works from an office of Local No. 3 in Pittsburgh, there is an inter-relation of union operations. Plaintiff also points out that the International Union determines the procedural guidelines followed by Local No. 3, and provides comprehensive medical insurance for the members of Local No. 3.

According to an affidavit filed in support of its motion, Local No. 3 is an autonomous local union. Sullivan Affidavit ¶ 2. The affiant stated that Local No. 3 is governed by its own by-laws, elects its own officers, negotiates its own contracts, and acts independently of the International Union. Sullivan Affidavit ¶ 4. Plaintiff unveils no evidence which, if presented at trial and believed as true, would refute the facts set out in the affidavit.

With respect to the second factor—common management—the record reveals no common officers between the International Union and Local No. 3. Thus, there is no evidence of "common management."

As to the third factor, plaintiff concedes that centralized labor relations is the most critical component of the single-entity test, but fails to plead facts or afford proof addressing this factor. The Court finds no evidence demonstrating to what degree, if any, the labor relations between the International Union and Local No. 3 are centralized.

In satisfaction of the fourth factor, plaintiff asserts that the International Union establishes dues that Local No. 3 pays, monitors the financial activities of Local No. 3, and otherwise maintains financial control over Local No. 3 by periodic auditing. The right of the International Union to conduct detailed audits of Local No. 3 is an admitted fact. Spilling Deposition, 19. Moreover, the International Union reserves a right to supervise Local No. 3 in the event of financial malpractice. Sullivan Affidavit ¶ 2. However, mere potential powers, the exercise of which are contingent upon the happening of a future event, do not constitute the type of financial control that the NLRB test contemplates. *See e.g., Baker v. Stuart Broadcasting Co.*, 560 F.2d 389 (two corporations unified under NLRB test due to sole ownership).

Absent a showing of common bank accounts or financial statements, *Mas Marques v. Digital Equip. Corp.*, 637 F.2d 24, 26, consolidated federal income tax returns or shared payroll accounts, *Ratcliffe v. Insurance Co. of N. America*, 482 F.Supp. 759, 765, (E.D.Pa.1980), this Court is unpersuaded there is financial control sufficient to combine employees of the International Union with those of Local No. 3 for purposes of exercising jurisdiction under a "single-entity" theory. The record shows that Local No. 3 and the International Union file separate reports with the United States Department of Labor and Internal Revenue Service. Sullivan Affidavit ¶ 5. Thus, the single-entity test provides no basis for concluding that Local No. 3 and the International Union constitute a single employing unit for jurisdictional purposes under the ADA.

## B. *AGENCY THEORY*

■ Plaintiff insists that the right of the International Union to control Local No. 3

renders it an agent of the International Union. Courts have indeed applied general agency principles in Title VII cases to determine whether employees of an international union may be combined with employees of a local union in order to satisfy the statutory jurisdictional requirements. *Childs v. Local 18, Int'l Brotherhood of Elec. Workers,* 719 F.2d 1379, 1383; *accord Local No. 293 v. Local No. 293–A,* 526 F.2d 316, 318 (5th Cir.1976) (Title VII jurisdiction based on number of union members). In such cases, "[t]he requisite inquiry is whether some nexus exists between the parent ... [organization] ... and the subsidiary ... to indicate that the latter is not independent, **but rather totally under the control and domination** of the parent." *Shepherdson v. Local Union No. 401,* 823 F.Supp. 1245, 1251 (quoting *Ames v. Whitman's Chocolates,* No. 91–3271, 57 F.E.P. Cases 1301, 1991 WL 281798 (E.D.Pa. December 30, 1991) (emphasis in original) (citations omitted).

Evidence of agency can be found within terms of an organization's constitution. *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.,* 927 F.2d 1283, 1289 (3rd Cir.1991). Article XXI of the Constitution of the International Union grants it the power to approve the proposed by-laws of each local union, applications for charters submitted by prospective local unions, and qualifications of candidates seeking admission as members. Article XXI also provides that the International Union may fine, suspend or revoke the charter of a local union violating its laws.

While the constitution is undoubtedly viewed as providing a structural framework for charters of an international union, *Shepherdson v. Local Union No. 401,* 823 F.Supp. 1245, 1256, the nature and extent of an international union's actual control matter more than its theoretical power to exercise control in finding an agency relationship. *Berger v. Iron Workers Reinforced Rodmen Local 201,* 843 F.2d 1395, 1431 (D.C.Cir.1988) (quoting *Shimman v. Frank,* 625 F.2d 80, 98, n. 36 (6th Cir.1980)). Thus, "[t]he International's

constitution is the initial document establishing a relationship between the International and its affiliated local unions, and testimony by affidavit and deposition provides evidence of the actual relationship as well." *Shepherdson v. Local Union No. 401,* 823 F.Supp. 1245, 1254.

The secretary-treasurer of Local No. 3 testified that the constitution is "more or less an outline ... which ... [Local No. 3 is] ... to follow as a local union." Spiller Deposition, 19. Testimony further discloses that the International Union has never exercised supervision over Local No. 3. Sullivan Affidavit ¶ 3. Retention of regulatory and supervisory powers reflects discretionary authority over Local No. 3, exercised only upon conditions such as financial malpractice. Sullivan Affidavit ¶ 3. "Mere contingencies, however, do not establish the International's actual control over Local ... [No. 3] ..., particularly with respect to employment and personnel decisions." *Shepherdson v. Local Union No. 401,* 823 F.Supp. 1245, 1256; *accord Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.,* 927 F.2d 1283, 1289.

### III. *CONCLUSION*

Notwithstanding a liberal construction accorded the statutory definition of employer, *Armbruster v. Quinn,* 711 F.2d 1332, 1336, the Court finds no theory whereby Local No. 3 and the International Union may be deemed a single employer for jurisdictional purposes. Nor is there an independent basis for combining their employees since the discretionary authority of the International Union over Local No. 3 falls short of creating an agency relationship.

Local No. 3 maintains an insufficient number of employees to satisfy the jurisdictional requirement of Title I of the ADA. Consequently, the Court finds that based upon the pleadings as well as the testimony by affidavit and deposition, there are no genuine issues of material fact. Accordingly, summary judgment is granted.[4]

An appropriate order will follow.

---

4. Resolution of the jurisdictional issue dispenses with the need to address the CBA issue presented to the Court.

## *ORDER*

AND NOW, this 27th day of March, 1995, upon consideration of the motion for summary judgment of defendant International Association of Bridge, Structural and Ornamental Iron Workers, Local Union No. 3 (Doc. No. 6), and briefs in support and opposition,

IT IS HEREBY ORDERED that the motion is GRANTED.

IT IS FURTHER ORDERED that the motion of plaintiff Betty T. Switalski to amend complaint (Doc. No. 12) is DENIED.