Aaron W. **BINNS**, Plaintiff,

v.

**THE PRIMARY GROUP, INC.**, Defendant.

No. 98–499–CIV–ORL–22A.

United States District Court, M.D. Florida, Orlando Division.

July 16, 1998.

**1364**

S. Gordon Hill, Fisher, Rushmer, Werrenrath, Wack & Dickson, P.A., Orlando, FL, for Plaintiff.

Alan M. Gerlach, Jr., Broad & Cassel, Orlando, FL, for Defendant.

## ORDER

CONWAY, District Judge.

This cause comes before the Court for consideration of Defendant The Primary Group, Inc.'s Motion to Dismiss (Doc. 6) and Plaintiff Aaron W. Binns' Response (Doc. 8). Plaintiff seeks damages for Defendant's alleged violation of Title I of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*

### I. Standard for Motion to Dismiss

The accepted rule is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, must accept the allegations of the complaint as true and must construe the facts alleged in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.,* 29 F.3d 1480, 1484 (11th Cir.1994). Therefore, the material allegations of the complaint are taken as true for the purpose of deciding a motion to dismiss. *St. Joseph's Hosp. v. Hospital Corp. of Am.,* 795 F.2d 948 (11th Cir.1986).

### II. Background

In January 1997, Plaintiff was diagnosed as having epilepsy. Defendant, who owns and operates an employment agency, hired him as an account executive on April 21, 1997. Plaintiff's duties included "seeking out candidates for positions of employment, interviewing applicants for positions of employment, contacting employer-clients to ascertain their personnel requirements, and assisting employer-clients and [sic] fulfilling their personnel requirements." Complaint at 3. Plaintiff claims that during the course of his employment, Defendant discriminated against him because of his disability in regard to his advancement, compensation, training, and other terms, conditions, and privileges of employment. Plaintiff alleges that he was constructively discharged on May 5, 1997.

On October 16, 1997, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Subsequently, on January 30, 1998, Plaintiff received a Dismissal and Notice of Right to Sue letter from the EEOC. On April 29, 1998, Plaintiff filed a complaint in this Court alleging that Defendant violated his rights under the ADA.

### III. Analysis

In its motion, Defendant argues that the Court lacks subject matter jurisdiction because Plaintiff has not alleged that Defendant had fifteen or more employees in 1997. Plaintiff responds that because Defendant was an "employment agency," it was covered under the ADA regardless of the number of employees. The Court finds that it lacks subject matter jurisdiction over an employment agency that is sued in its capacity as an employer when the agency has fewer than fifteen employees.

Pursuant to 42 U.S.C. § 12112(a):

No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

A "covered entity" is defined as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). An "employer" means "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding

calendar year, and any agent of such person .... " 42 U .S.C. § 12111(5)(A). An "employment agency" is defined as "any person regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer and includes an agent of such a person." 42 U.S.C. § 2000e(c).[1] Because an employment agency under the Act is not required to have a minimum number of employees, the issue in this case is whether an employment agency must meet the statutory definition of an "employer" when sued in its capacity as an employer.

Although there is no case law directly on point, courts have addressed this issue in the Title VII context. Because the statutory framework of the ADA incorporates by reference many provisions of Title VII and because courts have used Title VII case law as persuasive authority, the principles developed in those cases are instructive on issues concerning the ADA. *See* 42 U.S.C. § 12117 (adopting the powers, remedies, and procedures set forth in Title VII for ADA cases); 42 U.S.C. § 12111(7) (adopting definitions of Title VII); *Huck v. Mega Nursing Serv., Inc.,* 989 F.Supp. 1462, 1463 (S.D.Fla.1997) ("The ADA adopts in large part the Title VII case precedent"); *DeLuca v. Winer Indus., Inc.,* 53 F.3d 793, 797 (7th Cir.1995) ("courts have allowed ADA plaintiffs to prove discrimination indirectly by using the prima facie case and burden shifting method originally established for Title VII cases").

In a case brought under Title VII, the Fifth Circuit in *Greenlees v. Eidenmuller Enter., Inc.,* 32 F.3d 197 (5th Cir.1994), addressed the issue of whether the court had subject matter jurisdiction over an employment agency sued in its capacity as an employer. The defendant in that case screened and placed temporary workers in companies. *Id.* at 198. The plaintiff was hired by the defendant as a permanent placement special-

ist and an employee supervisor. *Id.* The defendant paid her wages and benefits, assigned her job duties, and established the terms and conditions of her employment. *Id.* The plaintiff was terminated, and she sued under Title VII, alleging discrimination in her employment. *Id.* The district court dismissed the case for lack of subject matter jurisdiction because the defendant did not meet the statutory definition of an "employer." *Id.* The plaintiff appealed. *Id.*

The Fifth Circuit affirmed the dismissal and held that "[t]he capacity in which the employment agency is sued determines whether the court has jurisdiction." *Id.* The court explained that because the plaintiff was not the defendant's client, but was an employee, the defendant was acting as an "employer" and not as an "employment agency." *Id.* at 199. Accordingly, because the defendant employed fewer than fifteen employees, the court lacked subject matter jurisdiction. *Id.*

 Similarly, in the instant case, because Plaintiff worked as a permanent employee for the employment agency, Plaintiff sues the agency as his employer. Plaintiff alleges that Defendant hired him, constructively discharged him, paid his salary, demoted him, trained him, assigned his duties, had the authority to discipline him, and established the terms and conditions of his employment. (Doc. 1). Defendant's responsibilities clearly establish its role as an "employer" in this case. Thus, because Plaintiff is suing Defendant as its employee and not as its client, Defendant must employ 15 or more employees to be held liable under the ADA. *See Kellam v. Snelling Personnel Serv.,* 866 F.Supp. 812, 816–17 (D.Del.1994) (holding that under Title VII an employment agency not otherwise meeting the definition of "employer" cannot be sued by an employee in its capacity as an employer), *aff'd,* 65 F.3d 162 (3rd Cir.1995).[2]

1. The ADA provides that "[t]he terms 'person', 'labor organization', [and] 'employment agency' ..., shall have the same meaning given such terms in section 2000e of this title." 42 U.S.C. § 12111(7).

2. In *Switalski v. International Ass'n. of Bridge Structural and Ornamental Iron Workers, Local Union No. 3,* 881 F.Supp. 205 (W.D.Pa.1995), the Western District of Pennsylvania indirectly ad-

dressed the issue of whether a labor organization must meet the jurisdictional requirement under the ADA when it is sued in its capacity as an employer. The court explained that because the labor union was sued in this capacity, it must meet the jurisdictional number of employees to be held liable under the ADA. *Id.* at 207. The court then determined whether the labor union satisfied this requirement. *Id.* at 208–09.

In his response, Plaintiff argues that the prohibitions under the ADA are broader than Title VII and encompass an employment agency's conduct in its capacity as both an employment agency and an employer regardless of the number of employees. For support, Plaintiff compares Title VII's general provisions with the ADA's general provision. *Compare* 42 U.S.C. § 2000e–2(a)—(b) *with* 42 U.S.C. § 12112(a). Title VII describes discriminatory conduct as it relates to "employer practices," and "employment agency practices," whereas the ADA refers to conduct as it relates to a "covered entity," which includes both employers and employment agencies. 42 U.S.C. § 2000e–2(a)–(b); 42 U.S.C. § 12112(a). Therefore, because the ADA does not make a distinction between employer practices and employment agency practices, Plaintiff contends that an employment agency is covered when sued in its capacity as an employer even though it does not meet the jurisdictional requirement of 15 or more employees.

The Court finds this argument to be unavailing. There is no reason that an employment agency when acting in its capacity as an employer should be treated differently under the ADA from an "employer" simply because of its status as an employment agency. If an employment agency with less than 15 employees were covered under the ADA when acting as an employer, a permanent employee could hold it liable for discrimination even though an employee of an employer with less than 15 employees could not. Plaintiff offers no support for its proposition that some employees have greater rights than others based on the employer's type of business. Accordingly, the Court finds that Plaintiff must demonstrate that Defendant had fifteen or more employees in order to be held liable under the ADA.

In the complaint, Plaintiff alleges that Defendant "now has 15 or more employees and, therefore, may qualify as an 'employer' within the meaning of 42 U.S.C. § 12111(5)." Complaint (Doc. 1) at 2. Defendant argues in its motion that Plaintiff failed to allege that Defendant employed 15 or more persons for twenty weeks during the relevant time period. Plaintiff does not address this issue in his response.

The ADA requires that an "employer" must employ fifteen or more employees "for each working day in each of 20 or more calendar weeks in the *current or preceding* calendar year . . . ." 42 U.S.C. § 12111(5)(A) (emphasis added). The "current" calendar year is the year in which the alleged discrimination occurred. *See Vick v. Foote, Inc.,* 898 F.Supp. 330 (E.D.Va.1995) (stating that the current calendar year in a Title VII case is the year the alleged discrimination occurred), *aff'd,* 82 F.3d 411 (4th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 311, 136 L.Ed.2d 228 (1996); *EEOC v. Pettegrove Truck Serv., Inc.,* 716 F.Supp. 1430 (S.D.Fla.1989) (holding that the "current" year is the year in which the alleged discrimination occurred). In the instant case, Plaintiff alleges that the discrimination occurred from April 21, 1997 to May 5, 1997. Therefore, the "current" year is 1997, and the "preceding" year is 1996. Plaintiff failed to allege that Defendant met the statutory definition of an employer during this period. Accordingly, Defendant's motion to dismiss is due to be granted because the Court lacks subject matter jurisdiction.

## IV. Conclusion

Based on the foregoing, it is ORDERED as follows:

1. Defendant's Motion to Dismiss (Doc. 6), filed May 20, 1998, is GRANTED.

2. All pending motions are DENIED AS MOOT.

3. This case is removed from the November 1999 trial docket.

4. The Clerk shall close this case.