IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20402
Conference Calendar
_____

JACQUELINE JOHNSON,

Plaintiff-Appellant,

versus

HOUSING AUTHORITY OF THE CITY OF BRYAN,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-1233
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Jacqueline Johnson appeals the summary judgment in favor of the Housing Authority of the City of Bryan, Texas, in her action alleging discriminatory employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. The district court entered summary judgment because the Bryan Housing Authority was not an employer as defined by Title VII. Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees each working day in each of twenty or more calendar weeks in the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

current or preceding calendar year . . . ."  42 U.S.C. § 2000e(b); <u>Greenlees v. Eidenmuller Enterprises, Inc.</u>, 32 F.3d 197, 198 (5th Cir. 1994).  The Bryan Housing Authority  submitted the affidavit of its Executive Director which stated that the Bryan Housing Authority had no more than seven employees at any time.  Johnson submitted no evidence to the district court to rebut this affidavit.

Johnson has filed a motion to supplement the record with several documents including the Bryan Housing Authority quarterly report to the Texas Workforce Commission.  This court does not generally consider new evidence presented for the first time on appeal.  <u>See</u> <u>United States v. Flores</u>, 887 F.2d 543, 546 (5th Cir. 1989).  This case does not present any circumstances which would require a variance from the general policy.  Johnson's motion to supplement the record is DENIED.

There is no genuine issue for trial that the Bryan Housing Authority was not an employer as defined under Title VII, and the district court did not err in granting summary judgment in favor of the defendant.  <u>See</u> <u>Amburgey v. Corhart Refractories Corp.</u>, 936 F.2d 805, 809 (5th Cir. 1991).

AFFIRMED; MOTION TO SUPPLEMENT THE RECORD DENIED.