IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-30958

Summary Calendar
_____

CHARLES LOUIS EVANS, JR.,

Plaintiff-Appellant,

versus

NORTH STREET BOXING CLUB INC.; BEN D. JOHNSON, in his official
capacity as an officer or director of North Street Boxing Club
Inc.; BILLY L. WEST, JR., in his official capacity as Secretary and
interim President of the Board of Directors of North Street Boxing
Club Inc.; EDWARD WARD, JR, Individually and in his official
capacity as Vice-President of Winnfield Life Insurance Co.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(99-CV-929)
_____

March 1, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Charles Evans, Jr., appeals the district court's grant of

summary judgment in favor of the various defendants in this Title

VII sexual harassment and hostile work environment case. We review

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's grant of summary judgment *de novo*.[1] The district court's grant of summary judgment was based on the undisputed record evidence indicating that none of the defendants are "employers" within the meaning of Title VII of the Civil Rights Act of 1964.[2] North Street Boxing Club did not have the requisite 15 employees to qualify as an employer.[3] Therefore those defendants affiliated with NSBC cannot be liable. Finally Edward Ward, Jr., had no relevant relationship with NSBC. Evans' other arguments are meritless.

AFFIRMED.

---

[1] *Stucky v. City of San Antonio*, 260 F.3d 424, 429 (5th Cir. 2001).

[2] 42 U.S.C. § 2000e(b).

[3] *Greenlees v. Eidenmuller Enterprises, Inc.*, 32 F.3d 197, 198 (5th Cir. 1994).

2