United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30208
Summary Calendar
_____

BARBARA HOOVER,

                                        Plaintiff-Appellant,

versus

DOLORES LINDSEY; ET AL.,

                                        Defendants,

DOLORES LINDSEY; FRIENDS OF WWOZ, INC.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-2926-I
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

    Barbara Hoover has moved for leave to proceed in forma

pauperis (IFP) and for preparation of hearing transcripts at

government expense, relative to her appeal of a judgment for the

defendants in this employment-discrimination and civil-rights

action.  In her action, Hoover challenged the termination of her

employment by WWOZ, a New Orleans not-for-profit radio station,

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

as an underwriter who sold air-time and as an on-air host.  Also made a defendant was appellee Dolores Lindsey, who was WWOZ's underwriting manager.

The district court dismissed the following claims alleged by Hoover:  (1) sex discrimination claims against WWOZ and Lindsey; (2) a race discrimination claim against Lindsey; (3) an age discrimination claim against Lindsey; (4) Fourteenth Amendment equal protection claims against WWOZ and Lindsey; (5) 42 U.S.C. § 1983 claims against both, for mail fraud and/or tampering; and (6) claims against both under the Equal pay Act, 29 U.S.C § 206(d).  After a hearing, the court dismissed Hoover's remaining race and age discrimination claims against WWOZ, on grounds that the court lacked subject-matter jurisdiction.  See Greenlees v. Eidenmuller Enterprises, Inc., 32 F.3d 197, 198-99 (5th Cir. 1994).

To be entitled to proceed IFP in this court, Hoover must show that she is a pauper and that she will present a nonfrivolous issue on appeal.  See Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982).  Although it appears that Hoover is financially eligible to proceed IFP, she has not identified a nonfrivolous issue for appeal.  Nor has she set forth factual allegations and legal arguments to demonstrate that she will raise nonfrivolous issues on appeal.  Accordingly, Hoover's IFP motion is DENIED.

Hoover is not entitled to transcripts at government expense because she has not been granted leave to proceed IFP and she has not shown why she needs the transcript. See 28 U.S.C. § 753(f); Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985). Accordingly, her motion for transcripts at government expense is DENIED.

Because we have concluded on this review that the appeal is frivolous, IT IS FURTHER ORDERED that the appeal is DISMISSED. See 5TH CIR. R. 42.2.

MOTIONS DENIED; APPEAL DISMISSED.