In the
United States Court of Appeals
for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2005

Charles R. Fulbruge III
Clerk

_____

m 05-30362
Summary Calendar

_____

KIM J. GUILLORY AND CHRISTY L. MARCUS,

Plaintiffs-Appellants,

VERSUS

RAINBOW CHRYSLER DODGE JEEP, LLC, AND TIMOTHY W. DONAHO,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
m 2:04-CV-02871

_____

Before SMITH, GARZA, and PRADO,
    Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited
(continued...)

    Kim Guillory and Christy Marcus appeal the dismissal, for want of jurisdiction, of their title VII complaint. Because the employer, Rainbow Chrysler Dodge Jeep, LLC ("Rainbow Chrysler"), had fewer than fifteen employees (the jurisdictional minimum) during

_____

[*](...continued)
circumstances set forth in 5TH CIR. R. 47.5.4.

the relevant time period, we affirm.

## I.

Guillory and Marcus were employees of Rainbow Chrysler. From March 2001 to June 11, 2002, when she was discharged, Guillory was allegedly subjected to a hostile work environment. Marcus makes similar allegations regarding her employment from September 2001 until her resignation on June 16, 2002. Plaintiffs filed suit for sexual harassment and retaliation against Rainbow Chrysler under title VII and breach of contract against the manager. The district court dismissed under Federal Rule of Civil Procedure Rule 12(b)(1) because Rainbow Chrysler did not qualify as an "employer" as defined by statute.

## II.

Title VII prohibits discrimination by an "employer" on the basis of "race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2(a), where the term "employer" means "a person . . . who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000(e)(b). In this circuit, the statutory minimum of fifteen employees is a jurisdictional requirement. *Greenlees v. Eidenmuller Enters.*, 32 F.3d 197, 198 (5th Cir. 1994).

To determine whether an employee counts toward the statutory minimum for a given year, "all one needs to know . . . is whether the employee started or ended employment during that year and, if so, when." *Walters v. Metro. Educ. Enters.*, 519 U.S. 202, 211 (1997). To this end, the district court "look[s] first and primarily to whether the individual in question appears on the employer's payroll." *Id.*; *Dumas v. Mt. Vernon*, 612 F.2d 974, 979 n.7 (5th Cir. 1980) (same).

The district court examined Rainbow Chrysler's payroll records from August 2001 to September 2002 and found that at no time did it have more than fourteen employees on its payroll. This finding is not clearly erroneous.[1]

Plaintiffs argue, however, that we should aggregate Rainbow Chrysler's employees with the employees of Rainbow Chevrolet Pontiac, LLC ("Rainbow Chevrolet"), for purposes of asserting jurisdiction. In particular, plaintiffs claim there is substantial overlap in the ownership interests and financial control of the two dealerships.

In *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983), we held that it is appropriate to treat two seemingly distinct businesses as a single entity where there are "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Id.* at 404. The mere existence of common ownership and management does not, without more, however, justify aggregation. *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 778 (5th Cir. 1997).

This limitation rests on the commonsense observation that the purpose of the corporate form is to provide shareholders with limited

---

[1] Plaintiffs allege that the district court erred in refusing their request for discovery of Rainbow Chrysler's personnel files. Assuming such a request was properly before the court, there was no abuse of discretion where the court based its factual conclusion on the preferred method for determining the existence of an employment relationship; i.e., payroll records. *See Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172-73 (5th Cir. 1994) (finding no abuse in denying plaintiff's request for an evidentiary hearing in ruling on a rule 12(b)(1) motion).

liability. Therefore, plaintiffs must offer some evidence of responsibility for employment decisions beyond mere ownership to expose a neighboring enterprise to suit under title VII.[2] The evidence of centralized control here, including use of a common controller and joint picnics for members of the staff, does not suffice to rebut the presumption that Rainbow Chrysler and Rainbow Chevrolet are separate entities.[3]

AFFIRMED.

---

[2] *See Lusk*, 129 F.3d at 777 n.7 (noting that the inquiry has "focused on the core activities regulated by the anti-discrimination laws and, therefore, on whether the parent corporation was so involved in the daily employment decisions of the subsidiary as to justify treating the two corporations as a single employer.").

[3] Application of the *Trevino* test also resolves plaintiffs' argument that the district court erred by failing to consider payroll information for the first seven months of the 2001 "calendar year," as required by statute. The parties appear to agree that Rainbow Chrysler did not assume ownership of the dealership until August 1, 2001, when it purchased the store from Dixie Motors. Therefore, Rainbow Chrysler cannot have exercised "centralized control of labor relations" at the dealership before the purchase.

Also, according to the interim operating agreement, Dixie Motors agreed to hold harmless and indemnify Rainbow Chrysler for all liability incurred before the closing date. In short, it makes no more sense to treat Rainbow Chrysler and Dixie Motors as one employer for the purpose of aggregating time than it does to treat Rainbow Chrysler and Rainbow Chevrolet as one employer for the purpose of aggregating employees.